■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD DI ALTO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 20, 1964 upon his plea of guilty, convicting him of attempted robbery in the third degree, and imposing sentence. Judgment reversed and matter remitted to the Criminal Term for further proceedings. Under the circumstances herein, the holding in *People* v. *Serrano* (15 N Y 2d 304) is determinative of this appeal and requires that the conviction be vacated and the defendant permitted to plead anew to the indictment. The contention of the District Attorney that the attempted robbery was "from the possession of and in the presence of" Beckerman and Newman is not borne out by this record, nor does it appear that the crime charged in the indictment was committed by this appellant. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARL MILLER, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered June 12, 1964, convicting him of a felonious sale of a narcotic drug and felonious possession of a narcotic drug with intent to sell. Judgment reversed on the law and new trial ordered. In our opinion, the trial court erred in refusing to instruct the jury that if they found that defendant had acted solely as the agent of the buyer, he could not be convicted of the crime of selling narcotics (*People* v. *Lindsey,* 16 A D 2d 805, affd. 12 N Y 2d 958; *People* v. *Silverman,* 23 A D 2d 947; *People* v. *Branch,* 13 A D 2d 714). Ughetta, Christ, Hill and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment with the following memorandum: There is no evidence that defendant was the agent of Narcotics Agent Maupins to purchase the heroin from a third party. Defendant made a financial gain as the result of this purchase and sale; therefore, he cannot be a mere agent of the buyer. In any event, the charge was sufficient to point out that, if defendant was only a messenger boy for Maupins, he was not the seller and could not properly be convicted.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CURTIS PERKINS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 2, 1964 after a jury trial, convicting him of petit larceny, and imposing sentence. Judgment affirmed. Defendant's sole contention is that the prosecution improperly asked him on cross-examination the following question: "Now, isn't it a fact that you were convicted of felonious assault?" Defendant raised no objection to the question. The fact is (as the "Yellow sheet" shows) that, while defendant was charged with felonious assault, the charge was disposed of in the Adolescent Court by the imposition of a $50 fine and "five days." In addition, defendant testified that the felonious assault charge was dismissed but that he was convicted of disorderly conduct. In our opinion, while the question as framed constituted error (*People* v. *Cascone,* 185 N. Y. 317, 334; *People* v. *Malkin,* 250 N. Y. 185; *People* v. *Santiago,* 15 N Y 2d 640), nevertheless, under the circumstances herein and the undisputed guilt of defendant, such error did not influence the jury or taint the verdict (*People* v. *Kingston,* 8 N Y 2d 384; Code Crim. Pro., § 542). Moreover, the point involved was not preserved for review in the absence of an objection (*People* v. *Kelly,* 12 N Y 2d 248; *People* v. *Friola,* 11 N Y 2d 157). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.