■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES DOUGLAS IVORY, Also Known as JOHN IVORY, Appellant.— Judgment of the County Court, Suffolk County, rendered January 25, 1966, convicting defendant of the sale of narcotics (Penal Law, § 1751, subd. 1) and of possession of narcotics (Penal Law, § 1751-a, subd. 1), upon a jury verdict, and imposing sentence, reversed, on the law, and new trial ordered. The findings of fact below have not been considered. In our opinion, it was error for the Trial Judge to refuse the request of defendant for instructions to the jury that " if they believe that the defendant was in fact acting on behalf of the buyer, Paduano, acting on his behalf, then they must acquit him of all charges." The issue of agency of the defendant was presented to the jury under the evidence in the case and defendant was entitled to the charge (*People* v. *Lindsey,* 16 A D 2d 805, affd. 12 N Y 2d 958; *People* v. *Miller,* 24 A D 2d 1023). Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.

9 In the Matter of GEORGE A. P. DUNLEAVY, Appellant, v. HENRY J. NOBLE, as Warden of Queens County House of Detention for Men, Respondent. — Appeal by petitioner in a proceeding under CPLR article 78 from a judgment of the Supreme Court, Queens County, dated November 17, 1966, denying the petition for an order directing respondent to credit petitioner with additional jail time of 7 months and 25 days under a sentence previously imposed by said court. Judgment affirmed, without costs. In our opinion, petitioner was properly credited with all jail time to which he was entitled on the State prison sentence. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK WARRELMAN, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated August 3, 1964, affirmed insofar as it is reviewable, without costs. No opinion. Appeal insofar as it is from the judgment of said court dated July 2, 1964 dismissed, without costs. That judgment was superseded by the judgment dated August 3, 1964, which granted reargument but adhered to the original determination. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.