■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES FULLER, Appellant.— HERLIHY, P. J. Appeal by the defendant from a judgment of conviction of the County Court of Sullivan County rendered upon a jury verdict of guilty of the crime of criminally selling a dangerous drug in the second degree (Penal Law, § 220.35). The defendant was indicted for two counts of criminally selling dangerous drugs; count one for committing the crime on February 15, 1968 and count two for committing the crime on February 16, 1968. Investigator Mahoney testified for the People that he was introduced to the defendant by one Gus Spalutto, an informer; that on February 15, 1968 he told defendant he would like "to cop" and after the defendant said he had no drugs, he asked defendant to try and get "two bags" and gave defendant $12; that defendant directed him to drive himself and Gus Spalutto to "the Concord"; that upon arriving at the Concord, the defendant went to the rear of the building and upon return he had two bags of heroin; that he gave one bag to the investigator and apparently one bag went to Spalutto who allowed defendant to use some of it in return for defendant letting him use his injection instruments. The jury did not agree as to guilt or innocence as to the events of February 16, 1968, but the facts relating to that transaction were essentially the same as the occurrence described on February 15, 1968. The defendant relied upon the affirmative defenses of entrapment (Penal Law, § 40.05) and agency. There was no dispute that the defendant was in possession of a dangerous drug (Penal Law, § 220.05) and the trial court properly charged the jury as to that crime. At the end of the People's case the defendant's counsel moved "to dismiss on the ground that the People have failed to establish·any sale by this defendant to Investigator Mahoney" and the court denied the motion. The facts in this case as to entrapment, agency and sale are not materially different from those in *People v. Harris* (28 A D 2d 1174, affd. 24 N Y 2d 810) wherein we held that there was a question of fact for the jury. (See, also, *People v. Wright*, 20 A D 2d 652, affd. 15 N Y 2d 555.) The remaining contentions of the defendant as to his counsel, as to the District Attorney's summation and as to the court's charge to the jury and what transpired upon the jury's first return of a verdict have been examined and found to be without merit. Judgment affirmed. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.