■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT " W ", Appellant.— Appeal from a judgment of the County Court, Chemung County, rendered January 31, 1974, which adjudicated the appellant a youthful offender, and sentenced him to a reformatory sentence. An undercover State police officer sought out and found the appellant outside a restaurant in Elmira. Upon inquiry by the agent as to whether he could obtain some marijuana, appellant answered in the affirmative. After they rode around for several hours the appellant went into the house of a person named Hill while the agent remained in the car. The appellant returned with a bag of marijuana and gave it to the undercover officer in exchange for two 10 dollar bills. After returning to the house, the appellant rejoined the undercover agent and they left together. The appellant testified, substantially, to the same facts as alleged by the undercover agent but, in addition, testified that after he went in the Hill house, one Sam Hill went out to the garage and obtained the marijuana which appellant gave to the undercover agent. Appellant alleges he gave the $20 to Sam Hill when he returned to the house. Sam Hill testified and denied the allegations as made by appellant. Appellant asserts that, on the basis of the proof adduced, he acted solely as the agent of the buyer (the undercover agent) and the court should have granted his motion to dismiss on the ground that one who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics (*People* v. *Lindsey*, 16 A D 2d 805, affd. 12 N Y 2d 958). There is no dispute that the appellant was in possession of a dangerous drug. The issue as to whether an agency existed is properly one for the jury (*People* v. *Fuller*, 34 A D 2d 852; *People* v. *Harris*, 28 A D 2d 1174, affd. 24 N Y 2d 810; *People* v. *Pulliam*, 28 A D 2d 786). The testimony in this case provides ample evidence for the jury to conclude that the appellant was the actual seller. The presentence report in this case recommended probation, which recommendation the Trial Judge did not follow. The imposition of sentence is solely a function of the Trial Judge and should not be disturbed unless there is a clear abuse of discretion (*People* v. *Caputo*, 13 A D 2d 861). Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.