■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOLITTA LOTHIN, Also Known as LOLITTA LOTHIAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 21, 1974, convicting her of criminally selling a dangerous drug in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact have not been considered. One who acts solely as the agent of the buyer in a drug sale cannot be convicted of the crime of selling drugs *(People v Hool,* 46 AD2d 912; *People v Lindsey,* 16 AD2d 805, affd 12 NY2d 958). The issue of agency was presented by the evidence in this case; the denial of defendant's request to have the jury charged on this issue was error (see *People v Hool, supra; People v Ivory,* 27 AD2d 844; *People v Miller,* 24 AD2d 1023). Furthermore, it was grossly improper for the prosecutor, in summation, to say to the jury: "And, don't forget that it's true it's my burden on behalf of the People to prove each and every allegation beyond a reasonable doubt. He doesn't have to do anything. It doesn't mean he doesn't have the opportunity." This was a clear reference to defendant's failure to take the stand or to adduce any affirmative proof. When prosecutors engage in such tactics, which they must

know are improper, they only endanger the validity of the conviction they seek. Rabin, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.