■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUTCH RANKIN, Also Known as MARTIN M. RANKINS, Appellant.—Judgment insofar as it convicts defendant on the fourth count of the indictment unanimously reversed and a new trial granted on that count, and otherwise judgment

affirmed. Memorandum: Defendant was convicted on counts 2 and 4 of an indictment for the criminal sale of a controlled substance, third degree (Penal Law, § 220.39, subd 1), to wit, on July 19 and 24, 1974, and he was sentenced on each conviction to an indeterminate term of two and one-half years to life, to run concurrently. He contends that (1) the court committed reversible error in refusing his request to charge his defense of agency with respect to count 4, the July 24 sale, (2) he was denied a fair trial by reason of the prosecutor's cross-examination of him and reference in summation regarding defendant's sources of income, and (3) the sentences were excessive. The People's undercover Narcotics Officer Scirri testified that an informer rode with him on July 19, 1974 to an intersection in the City of Buffalo where they saw defendant, whom the informer knew and called to the car. The informer left, and defendant asked Scirri whether he "wanted to do a thing". Scirri answered, "yes", and gave defendant $15, for which defendant handed him a glassine envelope containing powder which proved to contain heroin. Scirri further testified that on July 24, 1974 he was driving alone near the same intersection and defendant flagged him down and asked him whether he "wanted to do a thing again" and Scirri answered, "yes". Defendant entered Scirri's car and they drove to Reed Street, where Scirri handed defendant $15 and defendant proceeded down Reed Street. He returned 15 minutes later and handed Scirri a glassine envelope containing a powder which proved to contain heroin. Defendant testified that on July 19, 1974 at the informer's request he took the $15 and bought a glassine envelope containing powder, paying $15 therefor, and handed it to the informer. In effect, his testimony was that he served only as agent and did not sell the heroin to Scirri or the informer. With respect to the alleged July 24 sale, defendant testified that Scirri asked him to "cop" some drug for him, that he went to Reed Street with Scirri who handed him $15, and defendant then walked to a house on that street where he was unable to obtain the drug, and so he returned and gave the $15 back to Scirri. The court charged agency with respect to the second count, to wit, the July 19 sale, but refused defendant's request to charge agency with regard to the fourth count, to wit, the alleged July 24 sale. The court grounded its ruling on the fact that defendant testified that no sale or delivery of narcotics occurred on that occasion and so he was not entitled to an agency charge, because the jury would have to find that he perjured himself in order for it to conclude that defendant did deliver a drug to Scirri that day as an agent. It is well-settled law that one who acts solely as agent of the buyer cannot be convicted of selling narcotics (People v Lindsey, 16 AD2d 805, affd 12 NY2d 958; People v Robert W, 47 AD2d 793; People v Branch, 13 AD2d 714). Where an issue is raised as to whether defendant was acting as agent, the question is for the jury (People v Harris, 28 AD2d 1174, affd 24 NY2d 810; People v Fuller, 34 AD2d 852). Although defendant denied delivering narcotics to Scirri in any capacity on July 24, Scirri's testimony was otherwise. "The jury may believe portions of both the defense and prosecution evidence" (People v Steele, 26 NY2d 526, 529; also People v Asan, 22 NY2d 526, 530). Thus, the court erred in refusing to instruct the jury that agency principles should also be considered in regard to the alleged July 24 sale, and that if they found that he, as an agent, delivered the narcotics to Scirri that day, they must acquit him of the charge of sale (People v Lothin, 48 AD2d 932; People v Hool, 46 AD2d 912). The prosecutor's questions of defendant and comments in summation as to his sources of income to support his narcotics habit went directly to his credibility. There was no excess of questioning or comment, and we find no reason on that

ground to disturb the verdict, especially since defendant interposed no objection to the cross-examination (cf. *People v Reingold,* 44 AD2d 191, 195). In light of the seriousness of the charge for which defendant stands convicted, we find no impropriety in the sentence and no ground for disturbing the discretion of the sentencing court. (Appeal from judgment of Erie Supreme Court—criminal sale controlled substance, third degree.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.