■ RICHARD SPALTABAK, Individually and as Natural Guardian of THOMAS R. SPALTABAK, et al., Respondents, v KEMPER INSURANCE COMPANY, Appellant, and ALLSTATE INSURANCE COMPANY et al., Respondents. — Judgment insofar as appealed from unanimously affirmed, with costs, for the reasons stated in the memorandum decision at Trial Term, Wolfgang, J. (Appeal from judgment of Supreme Court, Erie County, Wolfgang, J. — declaratory judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN COLLINS, Respondent. — Order unanimously reversed, verdict reinstated and matter remitted to Monroe County Court for sentencing. Memorandum: Defendant was charged with operating a motor vehicle with .10% or more of alcohol in his blood (Vehicle and Traffic Law, § 1192, subd 2) and driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3). The jury convicted him under subdivision 2 of driving with more than .10% of alcohol in his blood, but on the charge of driving while intoxicated, it convicted him only of the lesser included offense of driving while impaired (Vehicle and Traffic Law, § 1192, subd 1). The Trial Judge set aside the verdict holding that it was inconsistent. Consistency in a verdict is unnecessary; an inconsistent verdict may be set aside only when it is repugnant (*Dunn v United States,* 284 US 390, 393; *People v Bullis,* 30 AD2d 470). A verdict is repugnant when the defendant is convicted of a crime that has the same elements, as charged, as a crime of which he is acquitted (*People v Tucker,* 55 NY2d 1, 6; *People v Speach,* 49 AD2d 210, 213). In that event, the verdict of guilty cannot stand since the verdict of not guilty on the one crime has negated an essential element or elements of the other (*People v Dercole,* 72 AD2d 318, 332). Here, the crime of driving with .10% of alcohol in the blood has an entirely different element than driving while intoxicated (*People v Brown,* 53 NY2d 979, 981). Since the acquittal of driving while intoxicated did not negate an essential element of the crime of driving with .10% of alcohol in the blood, the verdict is not repugnant. We reject the contention that the jury was confused by erroneous instructions defining "intoxication" and "impairment." We find no error in the court's two definitions of intoxication. They were essentially the same and followed the definition approved by the Court of Appeals in *People v Cruz* (48 NY2d 419, 427-428) and in *People v Hoag* (51 NY2d 632). Although the definition of impairment in the supplemental instruction was incorrect, it was more favorable to defendant than that in the main charge, and defendant took no exception to it. (Appeal from order of Monroe County Court, Celli, J. — set aside and vacate verdict.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.