■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HUGHES, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered December 12, 1983, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was tried on an indictment charging him with three counts of criminal sale of a controlled substance in the third degree arising from three incidents occurring in the City of Hudson, Columbia County. The first two counts alleged that defendant sold a controlled substance on April 4, 1983 at approximately 4:00 P.M., and 9:00 P.M., at 4 South Second Street. The third count charged defendant with a sale of a controlled substance on April 15, 1983 at about 10:20 P.M., at the corner of Second and Warren Streets.

The indictment arose out of the following circumstances. Two officers of the Hudson Police Department, while investigating the theft of a .357-caliber Magnum pistol, apprehended Colleen Miller and Linda Briggs, both admitted prostitutes and heroin addicts, in the bedroom of Miller's apartment. They observed Briggs in the process of injecting Miller with heroin. Briggs and Miller offered to assist the officers in apprehending drug dealers. The officers did not arrest them and agreed to their offer. The women were subsequently provided with $230 in recorded bills to use to purchase drugs from various dealers.

At trial, defendant presented several alibi witnesses and his own testimony claiming that he was working all day on April 4, 1983 at 218 Columbia Street in Hudson. As to defendant's conduct on April 15, 1983, the evidence reveals that at about 10:00 P.M., Briggs approached defendant on Second Street and asked defendant to purchase heroin for her and Miller. She told defendant that she would give him $10 or $10 worth of heroin if he would purchase $20 worth of heroin for them. He refused. Briggs followed defendant into a bar and continued to

ask him to buy the drugs. He continued to refuse. Briggs left the bar and returned to the apartment and told Miller that defendant would not do as she asked. Miller then took the money and both women went to the bar. Miller twice asked defendant to buy heroin for them but again he refused. Miller told defendant that she had not had any heroin that day and was sick as a result. Defendant left the bar and Miller followed him and again requested that he buy heroin for them. Defendant told Miller that he did not know anybody who had drugs. Miller responded that there were drugs at "Bliss Towers"; "I know there's some down there. I just had some a little while ago." At this, defendant became angry and took the money from Miller. A short time later, defendant was arrested on the street. He had no drugs in his possession but did have one of the recorded $10 bills that the police officers had originally given to Briggs.

The jury acquitted defendant of the charges contained in the first two counts of the indictment, but found defendant guilty of the third count. Defendant was sentenced as a second felony offender to a prison term of 5 to 10 years. This appeal ensued.

There must be a reversal of defendant's conviction and a remittal for a new trial as to the crime alleged in the third count because County Court erroneously denied defendant's request to charge agency as a defense to the crime charged therein.

Whether a defendant acted as an agent of the buyers or as a seller in a drug transaction is "a factual question for the jury to resolve on the circumstances of the particular case" *(People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935). "[S]o long as there is some reasonable view of the evidence that the defendant acted as a mere instrumentality of the buyer, determination of the existence of an agency relationship should be submitted to the jury with appropriate instructions" *(People v Roche,* 45 NY2d 78, 86; *see, People v Feldman,* 50 NY2d 500, 503-504).

The People maintain that in order to invoke the agency defense, defendant must first admit that a drug transaction took place. Here, defendant makes no such admission. In fact, a disagreement arose at trial as to why defendant took the money. The prosecution submitted evidence that defendant took the money with the intention to purchase drugs. A witness for the defense testified that defendant told him that if either of the women asked defendant for drugs one more

time, he was going to take their money and "rip them off". Case law provides that "the jury may believe portions of both the defense and prosecution evidence" *(People v Steele,* 26 NY2d 526, 529; *accord, People v Asan,* 22 NY2d 526, 530). Thus, if the jury believed the prosecution's evidence of why defendant took the money from Miller, as they apparently did, then there was a reasonable view of the evidence warranting submission of the agency defense issue to the jury *(see, e.g., People v Rankin,* 55 AD2d 826, 827). The factors relevant to finding an agency relationship are present here *(see, People v Lam Lek Chong, supra,* pp 74-75; *People v Simpson,* 85 AD2d 306, 311). On the evidence presented, a jury could conclude that defendant had no desire, independent or otherwise, to promote a drug transaction. Defendant exhibited no salesman-like behavior on April 15, 1983 and refused several times to become involved. The purchase money was furnished by Briggs and Miller. There was no direct evidence that any drugs were purchased or transferred, nor were any found on defendant.

Defendant's contention that the trial court improperly denied his pretrial motion to dismiss the third count of the indictment on the ground that the evidence submitted to the Grand Jury was legally insufficient must be rejected since the record reveals that there was legally sufficient evidence to sustain a conviction under the third count presented to the jury at trial (CPL 210.30 [6]). Defendant's claim, that the prosecutor intruded upon the Grand Jury's fact-finding task by making prejudicial comments and permitting the Grand Jury to consider evidence against other defendants while considering this case, lacks merit. The prosecutor did not submit evidence against other defendants to the Grand Jury, nor did he unduly intrude on the Grand Jury's fact-finding responsibilities *(see, People v Di Falco,* 44 NY2d 482, 486; *Matter of Report of March 1980 Grand Jury,* 77 AD2d 58, 60).

In view of our disposition with regard to the third count of the indictment, we find it unnecessary to reach defendant's remaining claims of reversible error.

Judgment reversed, on the law, and matter remitted to the County Court of Columbia County for a new trial on the third count of the indictment. Main, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.