THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VANCE WILLIAMS, Appellant

Memorandum: The fact that defendant was acquitted of the first degree rape and sodomy charges, the most serious crimes charged in the indictment, but was convicted of the lesser offense of attempted promoting prostitution second and attempted coercion belies any claim of ineffective assistance of counsel (see, People v Baldi, 54 NY2d 137, 147). Such a verdict is not repugnant (see generally, People v Tucker, 55 NY2d 1, 6; see also, People v Collins, 92 AD2d 740). The elements of the crimes of rape in the first degree and sodomy in the first degree differ significantly from the elements of attempted promoting prostitution second and attempted coercion second. It is reasonable for the jury to have found that defendant did not use forcible compulsion to make the victim engage in sexual intercourse and deviate sexual intercourse with him, but that he did use nude photographs of her in an attempt to blackmail and coerce her into working for him as a prostitute.

The prosecutor had laid the proper foundation for asking defense witness Delinda Bell on cross-examination why she had not related to the Grand Jury the conversation in which

the complainant had allegedly offered to "sell her body" *(see, People v Dawson,* 50 NY2d 311, 321, n 4). The other claims of error were not properly preserved for appellate review or are without merit. (Appeal from judgment of Onondaga County Court, Mordue, J.—attempted prostitution, second degree, and attempted coercion, second degree.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.