■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH CARTER, Appellant.—Judgment unanimously affirmed. Memorandum: On this record, there is nothing repugnant about defendant's conviction of sexual abuse in the first degree, even though the jury acquitted him of sodomy in the first degree involving conduct during the same incident *(see, People v Lewis,* 112 AD2d 702; *People v Crandall,* 53 AD2d 956, *affd* 45 NY2d 851). Here, the proof was legally sufficient to establish that defendant subjected the victim to "sexual contact" by forcible compulsion (Penal Law § 130.65 [1]). Sodomy in the first degree requires proof that defendant engaged in "deviate sexual intercourse" with the victim by forcible compulsion (Penal Law § 130.50 [1]). Since the elements of the crime of which he was convicted differ from the elements of the crime of which he was acquitted, there is no merit to defendant's claim of repugnancy *(see, People v Williams,* 124 AD2d 993). We have reviewed defendant's other claims of error and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—sexual abuse, first degree, and another offense.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH NIXON, Appellant.—Judgment unanimously affirmed. Memorandum: We agree with the suppression court that defendant, in his moving papers, failed to present sworn statements of fact supporting the grounds alleged as the basis for suppression of the items seized pursuant to the search warrant *(see,* CPL 710.60 [3] [b]). Moreover, defendant was given the opportunity to supply this omission but failed to do so. We have reviewed defendant's other contentions and we conclude that they do not warrant reversal. (Appeal from judgment of Monroe County Court, Celli, J.—attempted murder, second degree, and another offense.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.