■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY BARFIELD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered April 26, 1984, convicting him of sodomy in the first degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reversing the conviction of unlawful imprisonment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the jury verdict acquitting him of rape in the first degree and sexual abuse in the first degree and convicting him of sodomy in the first degree and unlawful imprisonment in the first degree is repugnant. However, since the defendant failed to raise this claim or register any objection to the verdict prior to the discharge of the jury, the issue has not been preserved for appellate review (see, CPL 470.05 [2]; People v Alfaro, 66 NY2d 985; People v Price, 129 AD2d 745).

In any event, we find that the claim of repugnancy is devoid of merit since the elements of the crimes, as charged, are not identical (see, People v Tucker, 55 NY2d 1, rearg denied 55 NY2d 1039; People v Pilich, 128 AD2d 903, lv denied 70 NY2d 653; People v Carter, 126 AD2d 963, lv denied 69 NY2d 948).

The defendant's conviction of the crime of unlawful imprisonment in the first degree must, however, be reversed and the sentence imposed thereon vacated, pursuant to the merger doctrine (see, People v Cassidy, 40 NY2d 763). This doctrine precludes a separate conviction for acts that comprise an essential part of another substantive crime (see, People v Geaslen, 54 NY2d 510; People v Hauver, 129 AD2d 889, lv denied 70 NY2d 712). The facts adduced during the trial of the instant action reveal that the unlawful imprisonment of the victim was incidental to the commission of the sodomy and, thus, the former charge cannot be permitted to stand (see, People v Russell, 127 AD2d 805, lv granted 70 NY2d 717; People v Burgess, 107 AD2d 703).

The defendant's further contention that the evidence was insufficient to support his conviction for the crime of sodomy in the first degree is without merit. We find that the evidence, when viewed in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), was legally sufficient to establish the elements necessary to sustain a conviction for sodomy in the first degree (see, e.g., People v Bailey, 133 AD2d 462). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of that crime was not against the weight of the evidence (see, CPL 470.15 [5]).

Finally, the sentence imposed upon the sodomy count was neither harsh nor excessive. Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.