■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PAZ, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the evidence was legally insufficient to convict him because the proof at trial established that he was entrapped into committing the sales of cocaine to the undercover officer and that he was merely acting as the agent of the informant. Whether a defendant is predisposed to commit an offense or was induced to commit the offense is a question of fact for the jury *(see, People v McGee,* 49 NY2d 48, 61, *cert denied* 446 US 942; *People v Sundholm,* 58 AD2d 224, 227). Likewise, whether a defendant acted as an agent of the buyer or as a seller in a drug transaction is also a factual question for the jury to resolve on the circumstances of the particular case *(People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935; *People v Hughes,* 118 AD2d 955, 956; *People v Rankin,* 55 AD2d 826, 827). Upon our review of the record, we conclude that there was legally sufficient evidence to support the jury's determination that defendant was neither entrapped nor was he an agent in making the sales for which he was convicted.

Defendant's claim that the verdicts were inconsistent or repugnant was not preserved for appellate review, because he failed to raise this claim prior to the jury being discharged *(see, People v Satloff,* 56 NY2d 745, 746; *People v Moore,* 156 AD2d 1013; *People v Carey,* 151 AD2d 989, 990, *lv denied* 74 NY2d 806). In any event, since the elements of the drug crimes for which defendant was convicted differ from those of the resisting arrest charge for which he was acquitted, there was no repugnancy *(see, People v Tucker,* 55 NY2d 1, 6; *People v Carter,* 126 AD2d 963, *lv denied* 69 NY2d 948).

Finally, from our review of the record, we conclude that defendant was not deprived of a fair trial on any· of the grounds raised on appeal. The court did not err in refusing to conduct a suppression hearing since the People were not seeking to introduce at trial any physical evidence obtained as a result of a search of defendant's person or premises. There is no merit to defendant's claim that the trial court improperly limited defense counsel's cross-examination of witnesses; the extent of allowable cross-examination rests in the sound discretion of the trial court *(see, People v Sorge,* 301 NY 198, 202). The court's supplemental instructions to the jury in response to the jury's requests were in all respects proper. Moreover, defendant cannot impeach the jury's verdict by claiming that one of the jurors stated that the jury was confused in deliberations *(see, People v Brown,* 48 NY2d 388, 393; *People v Washington,* 158 AD2d 980). (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—criminal sale of controlled substance, second degree.) Present—Dillon, P. J., Callahan, Doerr, Denman and Lowery, JJ.