OPINION OF THE COURT
Caesar D. Cirigliano, J.
*874 This is defendant’s motion to set aside a verdict of guilty pursuant to CPL 330.30.
This court presided over defendant’s trial under a three-count indictment: count one was criminal sale of a controlled substance in the third degree; count two was criminal possession of a controlled substance in the third degree and concerned the same subject matter as count one (exhibit 2C); and count three was criminal possession of a controlled substance in the third degree and concerned drugs which were found on the defendant’s person when he was arrested (exhibit 4B).
The evidence at trial was that an undercover police officer purchased two bags of what appeared to be heroin (exhibit 2C) from the defendant in exchange for $20 of prerecorded buy money, immediately left the scene, radioed a description of the buyer to the arresting officers and confirmed that the right person had been arrested in a drive-by confirmatory identification about five minutes later. Joann Geoghegan, the arresting officer, testified that after arresting defendant based on the undercover officer’s description, she searched the defendant and found one bag of what appeared to be heroin (exhibit 4B) on his person. Expert evidence- was also introduced to show that both exhibits 2C and 4B contained heroin. On the other hand, only $5 of the prerecorded buy money was recovered from the defendant when he was arrested.
The defense argued to the jury that the defendant had not sold any drugs but was an addict who had purchased exhibit 4B minutes before he was arrested for his own use and received the $5 of prerecorded buy money as change during that transaction. This explained, the defendant argued, why he had only $5 and not $20 of prerecorded buy money. The identification by the undercover officer of the defendant as the seller was, according to the defense, mistaken.
After summations, the jury was instructed by the court as to the elements of all the crimes charged and that counts one and two concerned exhibit 2C and that count three concerned exhibit 4B. The jury returned a verdict of not guilty as to counts one and two and guilty as to count three. At defense counsel’s request, the jury was polled and the verdict as confirmed was recorded.
No objection was then made that this verdict was repugnant, the jury was discharged, and the jurors and counsel left the courtroom. Not more than five minutes later, defense counsel reentered the courtroom and stated that when he asked the jurors how they could acquit on counts one and two and convict *875 on count three, they responded that they had not understood count three to require an intent to sell and that they wished to relate this to the court.
Because of the uniqueness of the situation and the presence of all the necessary parties, including the entire jury panel, I instructed all the jurors to return to the jury room, and not to discuss the case. I then made inquiry of both counsel, requesting their opinions as to what procedure should be followed. After discussing the issue, I determined that a complete record should be made and I interviewed all 12 jurors one by one. They all stated essentially the same thing: that during deliberations they thought count three was possession and not possession with intent to sell and convicted on that basis. They blamed their misunderstanding of the law on the fact that the elements of the crimes were not set forth on the verdict sheet.
Defendant first moves to set aside the verdict on the ground that the acquittal on counts one and two is repugnant to the conviction on count three. As an initial matter, defendant has waived this argument. A protest that a jury’s verdicts on different counts is inherently inconsistent and therefore repugnant must be registered prior to the discharge of the jury. This is so that, if there is such a defect, the verdicts may be resubmitted to the jury for its reconsideration. (People v Satloff, 56 NY2d 745; cf., People v Salemmo, 38 NY2d 357.)
Nor does CPL 310.50 (2) require a different result. Although that section requires the court to resubmit a verdict to a jury for reconsideration, it is only when the verdict’s form "is not in accordance with the court’s instructions or which is otherwise legally defective” (CPL 310.50 [2]). Here, there was nothing wrong with the form of the verdict nor was it legally defective. (People v Robinson, 45 NY2d 448.)
The test for repugnancy is where "acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered”. (People v Tucker, 55 NY2d 1, 7.) Moreover, in performing this test, the reviewing court looks only to the charge and not to the evidence so as to avoid speculation and other intrusions into the jury’s deliberations. (People v Tucker, supra, at 7.)
Here, for example, the jury was free to reject the expert evidence concerning the chemical composition of exhibit 2C and was therefore free to find, however illogically (see, People v Tucker, supra), that exhibit 2C did not contain a narcotic drug. The acquittal on counts one and two therefore did not neces *876 sarily establish that defendant was not the seller, only that he was the seller of something that turned out later upon chemical analysis not to contain a narcotic drug. Moreover, the jury was also free to accept the evidence that exhibit 4B was heroin and that, based on defendant’s prior sale activity, he possessed it with the intent to sell. (See also, People v Green, 71 NY2d 1006; People v Paz, 159 AD2d 987, lv denied 76 NY2d 793; People v James, 112 AD2d 380.)
Defendant next argues that the evidence was insufficient as a matter of law to convict him on count three. This, however, is just the repugnance argument in a different form. Clearly there was evidence that the defendant sold something which appeared to be heroin (exhibit 2C) and he. was found to be in possession of heroin when he was arrested (exhibit 4B). This is sufficient to establish possession with the intent to sell. The evidence would have been insufficient if but only if the acquittal on counts one and two necessarily determined that defendant was not the person who sold exhibit 20 to the undercover officer. But since, for the reasons stated above, that conclusion does not flow from the acquittal, the jury could have found that the defendant was the seller. There was therefore sufficient evidence to convict. (See also, People v Tucker, 55 NY2d 1, supra [jury can acquit on basis of mercy and not failure of proof].)
Finally, defendant attempts to impeach the verdict based on the posttrial statements of the jurors to the effect that they had misapprehended the law and did not intend to convict him of possession with intent to sell.
Prior to the discharge of the jury, the court may make circumspect inquiry of the jurors, collectively or individually, as is warranted by the circumstances, to determine such things as if the jury has reached or could reach a verdict on a particular count (Matter of Dissell v Adams, 115 AD2d 1006; accord, Whitaker v State, 808 P2d 270 [Alaska]), or if a verdict is in fact unanimous or otherwise tainted by improprieties. (CPL 310.50 [2]; People v Pickett, 61 NY2d 773.) On the other hand, after the jury has been discharged, "It is a long-standing rule that testimony of jurors is not ordinarily competent to impeach the duly rendered verdict of the jury * * * [although there are] exceptions”. (People v Lavender, 117 AD2d 253, 255, appeal dismissed 68 NY2d 995, citing People v De Lucia, 20 NY2d 275.) These are where the jury has been exposed to outside influences (see, e.g., People v Rukaj, 123 AD2d 277), has engaged in improper experiments on their own (see, e.g., People v Brown, *877 48 NY2d 388) or where a juror was ineligible to serve ab initio. (People v Leonti, 262 NY 256.)
The reasons for this rule are many: to make verdicts more certain by discouraging postdischarge harassment of jurors; to avoid the chilling effect on the deliberation process such inquiry necessarily engenders; and to avoid speculation concerning whether the entire panel did or did not share one juror’s misapprehension or doubt. Be that as it may, in those situations where the exceptions apply (outside influences, etc.), the verdict may be impeached, all the foregoing notwithstanding.
Here, as determined by my questioning of the jurors, there was an immediate, unanimous declaration by the panel that they had misapprehended the law and convicted the defendant in error. There was no harassment by counsel, and no speculation is required to discern why they did what they did. Moreover, it was the jurors who insisted on revealing to the court their perceived error.
As indicated above, however, there is no authority for setting aside a verdict on these facts. To the contrary, case law is uniform in holding that, postdischarge, a jury may not impeach its own verdict by statements that they had misapprehended the law (People v Paz, 159 AD2d 987, lv denied 76 NY2d 793, supra; People Lehrman, 155 AD2d 693; People v James, 112 AD2d 380, supra), even when their statements are virtually unanimous. (Matter of Oliver v Justices of N. Y. Supreme Ct., 36 NY2d 53; accord, United States v MacQueen, 596 F2d 76; State v Perry, 643 SW2d 58 [Mo].)
Were it in my power, I would set aside this verdict as a matter of discretion in the interest of justice. The jury never intended to find the defendant guilty of this crime and there can be no more fundamental consideration with respect to the interest of justice than lack of guilt. (People v Berdion, NYLJ, Aug. 18, 1997, at 30, cols 5, 6 [Collins, J., dissenting].) To impeach this verdict would do no more harm to the jury system than in those cases where impeachment is allowed, such as upon the affidavit of one juror concerning an outside influence or experiment despite the inevitable speculation as to its effect on the balance of the panel. Here, there is no speculation. Moreover, to allow a verdict not intended by the jury and clearly based on their misapprehension of the law to stand does not preserve but rather destroys the integrity of the jury system.
However, inasmuch as this is a motion pursuant to CPL 330.30, I can only set aside the verdict for an error of law and *878 not as a matter of discretion in the interest of justice. (People v Carter, 63 NY2d 530; People v Sadowski, 173 AD2d 873.) For the foregoing reasons, this motion is denied.