# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1256**

**KA 12-02263**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ZACHARY STRAUSS, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 30, 2012. The judgment convicted defendant, upon a jury verdict, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [1]), defendant contends that the verdict is against the weight of the evidence on the issue of forcible compulsion. Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Black*, 137 AD3d 1679, 1680, *lv denied* 27 NY3d 1128; *see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant's contention that the People improperly failed to seek an advance ruling concerning the admissibility of evidence of defendant's involvement in a drug transaction and threats to commit suicide is not preserved for our review (*see People v Thomas*, 226 AD2d 1071, 1071-1072, *lv denied* 88 NY2d 995; *People v Clark*, 203 AD2d 935, 936, *lv denied* 83 NY2d 965). Likewise, defendant's challenge to the admissibility of an unredacted videotape of his interview with the police is not preserved for our review (*see CPL 470.05 [2]*). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see CPL 470.15 [6] [a]*).

Defendant also failed to preserve for our review his contention that the verdict is inconsistent insofar as the jury found defendant guilty of rape in the first degree but not guilty of unlawful imprisonment in the second degree. Defendant failed to object to the verdict before the jurors were discharged (*see People v Alfaro*, 66

NY2d 985, 987; *People v Brooks*, 139 AD3d 1391, 1392).  In any event, viewing the elements of those two crimes as charged to the jury without regard to the accuracy of those instructions (*see People v DeLee*, 24 NY3d 603, 608; *People v Tucker*, 55 NY2d 1, 7-8, *rearg denied* 55 NY2d 1039), we conclude that there is no inconsistency in the verdict because an acquittal on the charge of unlawful imprisonment in the second degree is not "conclusive as to a necessary element" of rape in the first degree (*Tucker*, 55 NY2d at 7; *see generally People v Barfield*, 138 AD2d 497, 497, *lv denied* 71 NY2d 1023).

Defendant did not preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see People v Symonds*, 140 AD3d 1685, 1685, *lv denied* 28 NY3d 937).  In any event, we conclude that the prosecutor's remarks constituted fair comment upon the evidence or fair response to the summation of defense counsel (*see People v Jackson*, 141 AD3d 1095, 1096; *see also People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954).

Finally, we reject defendant's contention that he was denied effective assistance of counsel.  "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

Entered:  February 3, 2017                                    Frances E. Cafarell
                                                             Clerk of the Court