■ In the Matter of the Claim of LETETIA MANELLI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 16, 1974, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying the claimant from receiving benefits effective July 13, 1974 because she lost her employment through misconduct. The claimant herein had a basic disagreement with her supervisor over the manner in which she performed her work. She reacted to her supervisor's instructions in an excitable way. Issues of credibility and whether the claimant engaged in misconduct in connection with her employment are questions of fact within the province of the board. In our view there was substantial evidence to support its determination and it should not be disturbed (Matter of James [Levine], 34 NY2d 491). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DANAHER, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered February 14, 1975, upon a verdict convicting defendant of the crime of assault in the second degree in violation of subdivision 2 of section 120.05 of the Penal Law. Eyewitness testimony established that defendant argued with Jeffrey Rifenburgh and, during the course of an ensuing struggle, he admittedly struck Rifenburgh over the head with a baseball bat. Defendant offered the defense of justification in explanation of his behavior, but this version of events was obviously rejected by the jury. He now contends that the proof was insufficient to establish one of the elements of the crime of which he stands convicted, namely, that he acted with intent to cause physical injury (Penal Law, § 120.05, subd 2). The requisite intent, however, may be inferred by the trier of fact from the conduct of the accused (cf. People v Rumaner, 45 AD2d 290). That conduct having been established by direct proof and the force of the blow necessary to produce the observed injuries having been derived from medical testimony, the jury was free to infer and find, as it did, that defendant intended to physically injure Rifenburgh. There is no suggestion of accident or any motive factor, other than the rejected theory of justification, which could arguably lead to a different conclusion. We have carefully examined defendant's remaining contentions and find them to be equally without merit. Judgment affirmed. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of ALOMA LEGALL, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 1974, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she voluntarily left her employment without good cause. The claimant contends that the several reasons she gave for leaving her employment provide good cause for leaving. However, the contrary version of the employer raises questions of fact which are solely within the province of the board. Its resolution of those issues must be affirmed where, as here, it is supported by substantial evidence (Matter of Weber [Catherwood], 32 AD2d 697). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.