■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE JAMES FANCHER, Appellant.—Appeal, by permission, from an order of the County Court of Delaware County, entered May 27, 1975, which denied, after a hearing, defendant's application pursuant to CPL article 440 to vacate a judgment of said court, rendered November 29, 1971, upon a verdict convicting him of criminal possession of a dangerous drug in the first degree under former section 220.20 of the Penal Law and possession of weapons and dangerous instruments and appliances under former section 265.05 of the Penal Law. Defendant's conviction was affirmed by this court on July 19, 1972 *(People v Fancher,* 40 AD2d 591). The present application is founded upon the subsequent recantation of a prosecution witness, one Gary Weeks, a police informer who had testified at defendant's trial. It is

alleged (1) that a search warrant, secured with the assistance of the informer, was obtained by fraudulent means, (2) that at the time Gary Weeks testified at trial he was under the influence of a narcotic drug supplied by the prosecution, (3) that this witness gave perjured testimony at that trial because of the duress of the prosecution and its agents, and (4) that there was a pervasive criminal conspiracy by the court, the prosecution and the State Police to deprive defendant of his constitutional rights. We find no merit in any of these contentions. After examining the voluminous record herein, it is clear that the determination of the court rejecting defendant's assertion of fraud involving the search warrant is a factual finding fully supported by the evidence. There is nothing to suggest that the narcotic cough syrup consumed by Weeks prior to testifying was given to him by the police, at his request, other than for the very valid reason that he had a cough and a cold. There is no showing of any improper motive or that the medicine had any effect on the fairness of defendant's trial. As to the claim of false testimony, the particulars involved were either not relevant to any issue at the trial, or were not adequately shown to have been supplied with knowledge of falsity, actual or imputed, on the part of the prosecution *(People v Savvides,* 1 NY2d 554). Weeks was extensively cross-examined by three competent attorneys, all former District Attorneys of Delaware County, and his dealings with law enforcement agents, prior heroin addiction and criminal record were before the jury for close scrutiny on the issue of his credibility. Defendant's supposition of a pernicious criminal conspiracy is without evidentiary support. We perceive no basis for a finding that defendant was deprived of a fair trial. Order affirmed. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.