■ In the Matter of the Claim of RAYMOND McKINNON, Respondent. CARL ZEISS, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 11, 1982. Claimant was employed for several years as a stock clerk by appellant until his discharge in May, 1981. According to a report filed by the employer and dated May 19, 1981, claimant was discharged based on a suspicion that he engaged in conduct inconsistent with the policies of the employer. Although witnesses for the employer initially testified that claimant was discharged solely for taking pads and pencils from the employer, another witness testified that he was terminated for taking pads and pencils from the employer and cleaning materials and bathroom tissue from the bank which owned the building wherein the employer's offices were located. This witness also testified that the employer also believed claimant to have knowledge of others who were taking property of the employer without authorization and he refused to divulge the names of those employees. Claimant testified that on one occasion he received three pens and two pads from the employee in charge of the mail room where such supplies were located; that these articles were freely given by the employer for claimant's children; that on two occasions he purchased cleaning materials and bathroom tissue from another of appellant's employees who had purchased them from an employee of the bank; and that when asked by the employer who was taking the employer's slit lamps he stated that he did not know because he had no knowledge of any such thefts. By initial determination claimant was disqualified from receiving benefits on the ground that he lost his employment due to misconduct in connection therewith and an overpayment in benefits was ruled nonrecoverable. The administrative law judge, after a hearing, overruled the initial determination and found no overpayment in benefits. This decision was affirmed by the Unemployment Insurance Appeal Board and the present appeal ensued. Initially, appellant contends that it was deprived of a fair hearing due to the refusal of the administrative law judge to disqualify himself. Appellant claims that the Judge should have disqualified himself because he had previously heard another case involving another of appellant's employees and had rendered a decision adverse to appellant in that case. In order to require disqualification, however, the alleged bias or prejudice must stem from an extrajudicial source resulting in a decision on a basis other than

what was learned by the Judge from his participation in the case and the mere showing of prior judicial exposure to the present parties or questions is insufficient (*Board of Educ. v Pisa*, 55 AD2d 128, 136). Appellant has failed to demonstrate the necessity of the administrative law judge's disqualification in the present case and, therefore, this contention must be rejected. We also reject appellant's allegation that the Judge was biased as there has been no factual demonstration to support the allegation nor proof that the outcome flowed from it (*Matter of Warder v Board of Regents of Univ. of State of N. Y.*, 53 NY2d 186, 197). Appellant next urges that the board's decision is not supported by substantial evidence. We disagree. Questions of fact and credibility were presented which were within the sole province of the board (*Matter of Schlicker [Blake & Sons — Ross]*, 55 AD2d 789; *Matter of Manelli [Levine]*, 49 AD2d 984). From our review of the entire record, we are of the opinion that the board's determination is supported by substantial evidence and, consequently, it must not be disturbed. We have examined appellant's remaining arguments and find them unpersuasive. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.