■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. MURPHY, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered November 30, 1981, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. On May 28, 1981, defendant broke into the East Worcester residence of one John Baryk and removed certain articles of personal property, including Baryk's recently purchased chain saw. Following a jury trial, defendant was convicted of third degree burglary and petit larceny. Defendant maintains that he received ineffective assistance of counsel and that the concurrent sentences of two and one-third to seven years for the burglary and one year for the petit larceny were unduly harsh and excessive. We disagree and affirm the conviction. Defendant's various objections to his counsel's conduct, whether considered individually or cumulatively, do not give rise to a finding of ineffective assistance. Initially, there was nothing inappropriate in counsel's electing not to request that the opening and closing statements be transcribed. This practice is not uncommon and, absent any showing that the statements made unfairly prejudiced defendant, lends no substance to the ineffective assistance charge. Also, given defendant's rather extensive criminal record and the

existence of incriminating letters written by him to John Baryk shortly after the burglary occurred, counsel's recommendation that defendant not take the stand was eminently reasonable. Moreover, the decision not to testify was defendant's own, made after a colloquy with the trial court outside the presence of the jury during which the court quite correctly apprised defendant that the testimony he insisted on giving would be tantamount to an admission of guilt. With respect to counsel's failure to timely request that defendant undergo a psychiatric examination, we are mindful that there are instances when such a lapse may contribute to a finding of inadequate representation (see *People v Sinatra,* 89 AD2d 913, 915). Here, however, it did not, for other than the fact that defendant was warmly dressed on the hot and humid day he committed the burglary and that, on the second day of trial, he apparently wore the same sweatshirt and blue sneakers he had worn while committing the offense, no persuasive reason justifying an examination has been proffered. Finally, although the prosecutor brought out that defendant was wearing the same sweatshirt and footwear in court which he wore on the day of the crime, we do not consider the lack of a mistrial motion or defense counsel's seeming indifference to defendant's attire on the second day of the trial as evidence of incompetence. At that point in the proceedings, the identity of defendant as the perpetrator had been unmistakably established both by the witnesses who had followed defendant from the scene of the crime until his arrest and by the arresting State trooper. Defense counsel demonstrated a good working knowledge of the criminal law, vigorously cross-examined the prosecution's witnesses (see *People v Jones,* 55 NY2d 771; *People v Fuschino,* 87 AD2d 716, 717, affd 59 NY2d 91) and, generally, put forth a sound effort in a case where proof of guilt was overwhelming. In sum, the representation afforded was reasonably competent (see *People v Baldi,* 54 NY2d 137). We find the sentence imposed neither harsh nor excessive. Defendant possesses a lengthy criminal record and a potential for violent conduct. Furthermore, he has been unwilling to avail himself of the numerous counseling opportunities which were offered to him in the past. Viewed in this light, the sentence was well within the trial court's discretion. Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.