■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. BERNAS, Appellant. — Appeal from a judgment of the County Court of Chemung County (Ingraham, J.), rendered October 2, 1981, upon a verdict convicting defendant of the crimes of murder in the second degree, robbery in the first degree and burglary in the first degree. Defendant and one Steven Parker were charged in an indictment with the above crimes resulting from a forcible entry into and theft from the home of Beatrice Holecek, and her concomitant death from a homicide. Both Parker and defendant were convicted after separate trials on all three charges (see *People v Parker,* 90 AD2d 565, affd 60 NY2d 714). On this appeal, defendant contends that he did not receive effective assistance of counsel. Specifically, defendant points to counsel's failure to move for a change of venue because of extensive pretrial publicity, to request a suppression hearing as to evidentiary items, to request a *Sandoval* hearing as to defendant's four prior convictions, and to counsel's lack of knowledge of basic principles of criminal law and procedure and lack of preparation and defense strategy in the opening and summation statements.[*]

---

[*] It should be noted that the original counsel, James Carmody, sustained a heart attack resulting in substitution of new counsel, Thomas Sloniger, at a time after a *Huntley* hearing and psychiatric examination of defendant had been completed. We

There should be an affirmance. Counsel's representation must be gauged on the basis of the trial strategies available under the facts of the case and whether he consistently pursued a plausible strategy (*People v Davis,* 96 AD2d 680, 681; *People v Dietz,* 79 AD2d 476). Here, defendant gave a written statement conceding that he accompanied Parker to the victim's residence on Saturday evening, October 4, 1980, that he observed the victim lying naked on the bedroom floor, and that he and Parker took her vehicle which they later abandoned in Watkins Glen. Moreover, fingerprints and a head hair found to be indistinguishable from defendant's were located at the crime scene; a serologist testified that human blood was found on several articles of defendant's clothing; and several prosecution witnesses testified they overheard a conversation between defendant and Parker concerning a stolen vehicle. In view of the evidence presented, counsel reasonably elected to pursue a strategy based on the theory that while defendant was present at the victim's residence on Saturday evening, the actual slaying occurred earlier in the day. This is precisely the course of defendant's testimony. Significantly, the prosecution's pathologist, Dr. Charles Kuonen, on cross-examination, placed the time of death as sometime between the hours of 4:00 P.M. on Friday, October 3, and 10:00 P.M. on Saturday, October 4, 1980. In our view, counsel put forth a sound effort in a case where the proof was overwhelming. A *Huntley* hearing was conducted on the admissibility of defendant's written statement, and a psychiatric evaluation completed (cf. *People v Sinatra,* 89 AD2d 913). Counsel's cross-examination of the various prosecution witnesses demonstrated his familiarity with the facts of the case (cf. *People v Droz,* 39 NY2d 457, 462). Also, in summation, counsel expounded on the theory that defendant arrived at the victim's premises only after the slaying had occurred. The election not to pursue a *Mapp* hearing as well as a *Sandoval* hearing comports with counsel's trial strategy not to deny defendant's presence at the victim's residence, and to be up front as to defendant's personal background (see *People v Eddy,* 95 AD2d 956, 957; *People v Shannon,* 92 AD2d 554, 556). Nor can we agree that the failure to move for a change of venue served to deprive defendant of effective assistance (see *People v Parker,* 90 AD2d 565, *supra*). Viewed in totality, we find defendant was afforded meaningful representation (see *People v Baldi,* 54 NY2d 137). Defendant's remaining contention that the prosecutor's comments during summation served to deprive him of a fair trial is without merit. Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.

discern no undue prejudice from this substitution since the record confirms that Sloniger was accorded adequate opportunity to familiarize himself with the facts of the case and the applicable law.