■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FENTI, Appellant. — Judgment unanimously affirmed. Memorandum: The prosecutor erred in asking defendant whether he was convicted of criminal possession of a controlled substance in 1975 because he knew or should have known from

the notations on the certificate of conviction and on defendant's criminal history attached to the People's "Response To Demand To Produce" that the charge was adjourned in contemplation of dismissal and, therefore, dismissed by operation of law (see *People v Cook,* 37 NY2d 591; *People v Santiago,* 15 NY2d 640; cf. *People v Schwartzman,* 24 NY2d 241, cert den 396 US 846). We deem the error harmless, however, in view of the trial court's curative charge and the overwhelming evidence of defendant's guilt (see *People v Crimmins,* 36 NY2d 230, 238-243). The defendant's claim of ineffective assistance of counsel is based primarily on the failure to make a *Sandoval* motion. This in itself, however, is not a basis for reversal (see *People v De Mauro,* 48 NY2d 892, 893-894; *People v Bernas,* 99 AD2d 612; *People v Shannon,* 92 AD2d 554, 556). Where, as here, such failure is consistent with a reasonable trial strategy, there is no basis to conclude that defendant was deprived of meaningful representation under either the State test (see *People v Baldi,* 54 NY2d 137) or the Federal standard (see *Strickland v Washington,* 466 US __, 104 S Ct 2052). Defendant's claim concerning the trial court's receipt of the People's rebuttal testimony was not preserved for review (CPL 470.05, subd 2). We have considered the other contentions raised by defendant and find them lacking in merit. (Appeal from judgment of Steuben County Court, Purple, J. — criminal sale of controlled substance, fifth degree.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.