THIRD DEPARTMENT, FEBRUARY, 1987

(February 12, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, RALPH COGSWELL, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered February 16, 1984, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Following plea negotiations, defendant entered a plea of guilty to an indictment charging him and three others with burglary in the second degree based on an incident at the home of Katherine Ditsch on November 8 and 9, 1983. The plea was in full satisfaction of this charge and a separate indictment charging defendant and the same associates with attempted robbery in the second degree and attempted burglary in the second degree related to a November 7, 1983 incident at the home of Kay Staccio. Thereafter, defendant was sentenced in accord with the plea bargain to a term of 1½ to 4½ years' imprisonment.

The sole question presented on this appeal is whether defendant was denied the effective assistance of counsel. Preliminarily, we observe that our review of the matter is limited to the record before us and any assertion of coercion or ineffective assistance resting on matters dehors the record must be raised via a motion pursuant to CPL 440.10 *(see, People v Welch,* 108 AD2d 1020). Defendant essentially maintains that counsel coerced his guilty plea, despite his profession of innocence during the plea allocution. A review of the plea minutes shows that defendant initially admitted being at the Ditsch residence, but denied any knowledge of criminal activity. When County Court refused to accept a plea, the record indicates that counsel conferred with defendant and then stated that his client was ready to admit his involve-

ment. During the ensuing colloquy with the court, defendant fully admitted that he entered the Ditsch residence unlawfully, with the intent to steal. He further acknowledged accepting a "couple of bottles of liquor" stolen by his associates. Upon this factual predicate, defendant's plea of guilty was accepted.

On the record before us, we find no substance to defendant's ineffective assistance of counsel claim. Defendant expressly confirmed that his plea was voluntary, without coercion from his attorney. That defendant withdrew his claim of innocence only after consulting with counsel does not necessarily evidence duress, for it may just as readily be inferred that counsel simply clarified which incident was the subject of the plea. Moreover, while the record does not delineate the evidence available against defendant under each indictment, counsel successfully negotiated a plea in satisfaction of both indictments with the minimum sentence allowable (see, People v Kelsch, 96 AD2d 677, 678). Defendant's further assertion that counsel was remiss in failing to request a mental health evaluation is clearly unfounded (see, People v Murphy, 96 AD2d 625, 626; cf., People v Sinatra, 89 AD2d 913, 915). The fact that defendant may have sought the services of the Ulster County Mental Health Center "a month or two prior to his arrest" does not of itself indicate an issue of mental competence. Nor can we agree that a letter sent by defendant to County Court after his plea but before sentencing raised a serious complaint about counsel. This letter, in which defendant apparently complained of "mixed-up facts" at the time of his plea, was referred to in the presentence report reviewed by the court. Significantly, the purported mix-up between defendant's record and that of his father was specifically clarified by counsel during both the plea and sentencing proceedings.

In sum, the record confirms that defendant was provided meaningful representation (see, People v Baldi, 54 NY2d 137).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.