(April 23, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE F. HAUVER, Appellant.—Weiss, J. Appeals (1) from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered March 27, 1984, upon a verdict convicting defendant of the crimes of rape in the first degree, attempted assault in the second degree and unlawful imprisonment in the first degree, and (2) by permission, from an order of said court, entered March 4, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in a three-count indictment with rape in the first degree, assault in the second degree and unlawful imprisonment in the first degree as a result of an incident which occurred during the early morning hours of June 3, 1983. The victim testified that on June 2, 1983 she met defendant at the Golden Horse Cafe in Greene County, where she worked and defendant was an occasional customer. She went with him to obtain marihuana. After midnight while en route to East Durham in defendant's truck, defendant made sexual advances towards the victim, striking her with his fists and forcing her to engage in intercourse. Threatening to kill her with a switchblade knife, defendant then forced her to engage in further sexual contact. The victim escaped and was later taken to Greene County Memorial Hospital for examination and treatment. Defendant asserted that the sexual acts were consensual. He did admit to striking the victim, claiming that she suddenly demanded that he stop and began striking him. A jury convicted defendant on the rape and unlawful imprisonment charges, and for attempted assault. He was sentenced to concurrent prison terms of 7 to 21 years for the rape conviction and 1⅓ to 4 years on each of the other convictions. Two years later, defendant's *pro se* CPL 440.10 motion to vacate the judgment was denied without a hearing. Defendant presently appeals both the judgment of conviction and, by permission of this court, the denial of his postjudgment motion.

Defendant initially argues that the prosecution wrongfully permitted perjured testimony by Officer James Mills concern-

ing the operability of the passenger door on defendant's truck. We disagree. The parties essentially concur that the operability of the door was relevant to the allegations of unlawful imprisonment and, according to defendant, highly probative on the issue of voluntariness. Comparison of Mill's Grand Jury and trial testimony about the door does not demonstrate any significant difference. While knowing use of false testimony to obtain a conviction not only impairs the right to due process, but also violates the prosecutor's duty of fair dealing (see, People v Pelchat, 62 NY2d 97, 105), substantiation of this claim cannot be found in this record (see, People v Fancher, 53 AD2d 776, 777).

We further find no error in the exclusion of defendant's testimony that, during the evening of June 2, 1983, the victim told defendant that "she was out whoring around". County Court permitted defendant to testify that the parties allegedly engaged in two prior sexual acts, that they engaged in sexual conversations prior to the incident, and even that the victim stated that "she was out to get laid that night". Evidence of a victim's sexual conduct is inadmissible unless, inter alia, it relates to specific instances of prior sexual contact with the accused (see, CPL 60.42 [1]; People v Westfall, 95 AD2d 581, 583). Defendant was allowed considerable leeway and the exclusion of the phrase "whoring around" was neither prejudicial nor an abuse of the court's discretion (see, supra).

Nor did County Court err in refusing to dismiss the attempted assault charge, which arose from defendant's use of a switchblade knife after the act of intercourse was completed. The merger doctrine, which precludes a separate conviction for acts that comprise an essential part of another substantive crime (see, People v Geaslen, 54 NY2d 510, 516-517), does not pertain. The victim's testimony that defendant actually cut her leg with the knife while threatening to kill her unless she engaged in further sexual contact amply demonstrates the requisite intent to inflict physical injury (Penal Law § 120.05 [2]; see, People v Danaher, 49 AD2d 984).

Our review of the trial record (see, People v Cogswell, 127 AD2d 871; People v Van Gordon, 112 AD2d 618) confirms that defendant was accorded the effective assistance of counsel. Although certain errors were made, including counsel's misstatement as to the necessity of corroboration for the rape charge, a plausible strategy of consent was pursued and presented at trial. Counsel engaged in effective cross-examination, presented for defense witnesses in addition to defendant, and made appropriate trial and postjudgment motions. The

timing of the *Sandoval* hearing conducted just prior to defendant's testimony was not unduly prejudicial. Defendant's testimony was crucial to his defense and, as a result of the hearing, the scope of the prosecutor's inquiry on prior convictions was limited *(see, People v Fenti,* 106 AD2d 912). Viewed in its entirety, the record confirms that defendant was provided meaningful representation at trial *(see, People v Baldi,* 54 NY2d 137).

In his CPL 440.10 motion to vacate the conviction, however, defendant has also asserted that defense counsel engaged in certain improper and prejudicial conduct off the record that hindered the defense. A claim of ineffective assistance of counsel grounded on matters not appearing in the record is appropriately raised by a CPL 440.10 (1) (h) motion *(see, People v Cogswell, supra).* County Court improperly denied this aspect of defendant's motion on the premise that the record on appeal from the judgment afforded an adequate basis for review *(see,* CPL 440.10 [2] [b]; 440.30 [2]). Accordingly, the matter must be remitted to County Court for a determination of whether defendant has raised any factual issues implicating his right to the effective assistance of counsel and whether a hearing is required *(see,* CPL 440.30 [4] [d]; *People v Satterfield,* 66 NY2d 796, 799; *People v Kalakowski,* 120 AD2d 763, 764, *lv denied* 68 NY2d 669).

Defendant's motion to vacate grounded upon alleged juror misconduct was properly denied. He maintains that during a recess he overhead a juror remark that the trial "won't take long", but defendant concedes that the statement was not "totally audible" and could not be placed in proper context. While it was improper for the juror to discuss the ongoing trial with anyone, the challenged statement does not demonstrate that defendant was deprived of a fair and impartial assessment of the evidence *(see, People v Horney,* 112 AD2d 841, 842, *lv denied* 66 NY2d 615).

Finally, in view of the nature of defendant's conduct and his extensive criminal background, the sentence imposed was well within County Court's discretion. We have examined defendant's *pro se* submissions to the court and find the contentions raised and not otherwise addressed herein unavailing.

Judgment affirmed.

Order modified, on the law, by reversing so much thereof as pertains to defendant's claim of ineffective assistance of counsel; matter remitted to the County Court of Greene County for further proceedings not inconsistent herewith; and, as so

modified, affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.