■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BRENNAN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 20, 1984, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant was convicted after a jury trial of burglary in the second degree arising out of his participation with three others in a break-in at the home of Kathryn Disch on November 8 and 9, 1983 (see, People v Cogswell, 127 AD2d 871). On this appeal, defendant maintains that County Court erred in failing to suppress his postarrest statements ostensibly obtained in violation of his right to counsel. The suppression hearing minutes show that shortly after the Disch incident, defendant was implicated by his associates and, on November 12, 1983, was placed under arrest on the basis of a warrant for an outstanding, unrelated burglary charge in the Town of Esopus, Ulster County. Following the arrest, State Police Investigator Donald P. Meier, who knew of the unrelated charge, transported defendant to the local State Police barracks. Meier testified that after he apprised defendant of the *Miranda* warnings, defendant acknowledged his participation in the Disch burglary. The statement was reduced to writing and signed by defendant, but not notarized at that time. However, defendant denied that he was apprised of his *Miranda* rights or that he signed the confession. Two days later, counsel was assigned to represent defendant on the instant charge. On November 15, 1983, Detective Michael Andrews of the Ulster County Sheriff's Department met with defendant at the jail for purposes of notarizing the written statement. Andrews testified that once defendant acknowledged that the statement and signature were his, and that the facts within the statement were true, Andrews notarized the document. Defendant moved to strike Andrews' testimony in its entirety since the interview was conducted outside the presence of counsel. In response, the People agreed not to produce any statements made by defendant to Andrews. At trial, however, Andrews testified over defendant's objection that he notarized the document only after defendant affirmed the truth and authenticity of his statement.

Defendant urges that County Court erred in allowing Andrews to so testify, particularly in view of the prosecution's agreement not to utilize this testimony. There is little ques-

tion that defendant's right to counsel had attached prior to the Andrews' interview, and that defendant could not waive this right in the absence of counsel. The People maintain, however, that defendant "opened the door" to this testimony when defense counsel refused to allow the jurat, dated November 15, 1983, to be redacted from the statement. Although this argument is premised on matters outside the record, it is clear that substantial portions of defendant's written statement were in fact redacted prior to its receipt into evidence, but the jurat remained intact.

We first note that defendant did not object to the admission of the statement on the premise that the jurat evidenced an implied admission on his part (see, 1 Carmody-Wait 2d, NY Prac § 4:23, at 638). Thus, any objection in this regard was not preserved; nor do we perceive any reason to review this point in the interest of justice (see, CPL 470.05 [2]; 470.15 [6] [a]). Moreover, the record does establish that defendant objected to the admission of his confession into evidence on the specific ground that "[t]his instrument was taken on the 15th of November. It was sworn to on that date." Defendant further cross-examined Meier as to whether the statement was actually rendered on November 12, 1983. Under these circumstances, in which defendant has both challenged Meier's credibility and the integrity of the statement, we agree that defendant "opened the door" for Andrews to explain the discrepancy in dates on the statement.

Defendant further contends that his confession was obtained in violation of his right to counsel since Meier was aware of the pending burglary charge from the Town of Esopus and yet failed to inquire of defendant whether he was actually represented by counsel on that charge. The record confirms that Meier failed to make the appropriate inquiry and, as the People concede, the police are properly chargeable with whatever information would have been disclosed (see, People v Lucarano, 61 NY2d 138, 146; People v Bartolomeo, 53 NY2d 225, 231-232). The records from the Town of Esopus Justice Court, received into evidence during the course of the suppression hearing, show that counsel was not assigned on the Esopus charge until after defendant's arraignment on November 13, 1983, the day after the challenged statement was made. Defendant's testimony that he was represented by an attorney on a pending unrelated charge in the Kingston City Court is not dispositive, for Meier expressly testified that he was only aware of the Esopus charge and there is no basis in this record to impute such knowledge (see, People v Bertolo, 65

NY2d 111, 117-120). Accordingly, County Court properly refused to suppress defendant's written statement.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.