THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
FREDERICK JEROME HARRIS, Appellant.

Third Department, October 29, 1987

APPEARANCES OF COUNSEL

*George R. Wiltsie* for appellant.

*James T. Hayden, District Attorney (Margaret M. Cronan* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

As the result of an altercation on March 3, 1982 which seriously injured another inmate at Elmira Correctional Facility, where both the victim and defendant were confined, defendant was indicted for attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and promoting prison contraband in the first degree (Penal Law § 205.25 [2]). Defendant was assigned trial counsel who represented him at a *Huntley* hearing, at which County Court ruled that a statement defendant made to a State Police Investigator was voluntary and admissible, and at trial where defendant was convicted of both charges by the jury. In defense of the charges, defendant contended at trial that his statement was coerced and that he acted with justification. Following his conviction, defendant was sentenced concurrently to 12½ to 25 years on the attempted murder charge and 3½ to 7 years on the promoting prison contraband charge.

On his appeal of this conviction to this court (97 AD2d 594), defendant's newly assigned appellate counsel argued the legal insufficiency of the trial evidence to support the charges and that the sentences imposed were harsh and excessive. This court affirmed the conviction, but remitted for resentencing because defendant was improperly considered a violent felony offender *(supra)*. On resentence, defendant received concurrent prison sentences of 8⅓ to 25 years on the attempted murder charge and 2⅓ to 7 years for the charge of promoting prison contraband. The Court of Appeals subsequently denied defendant's application for leave to appeal (61 NY2d 909).

On February 24, 1986, defendant *pro se* filed with County Court a notice of motion pursuant to CPL 440.10 in which he

sought to vacate the judgment due to the ineffective assistance of both trial and appellate counsel. On March 24, 1986, defendant's assigned counsel on this motion was permitted to withdraw because he was a member of the same firm as defendant's appellate counsel. On the same day, new counsel was appointed for the motion and the proceeding was adjourned until April 21, 1986. County Court ordered defendant transferred from Attica Correctional Facility to Elmira Correctional Facility on April 24, 1986 to allow counsel easier access to him prior to the rescheduled hearing date of April 28, 1986. At that time, a supplemental affidavit asserting new allegations of ineffective assistance of trial counsel was submitted and additional time to obtain further evidence was requested on defendant's behalf. The motion was opposed by the prosecution. County Court denied defendant's motions in all respects, without a hearing, and it is from this order that defendant appeals here.

Defendant contends that his trial counsel failed to call certain witnesses at trial who would have supported his defense of justification; failed to produce evidence of faulty disciplinary proceedings against him; failed to obtain a *Sandoval* hearing; exerted insufficient effort at the *Huntley* hearing; failed to object to the introduction of prejudicial statements; and was ineffective in his cross-examination.

On a CPL 440.10 motion, if the presumption of validity attending the judgment of conviction is to be overcome, defendant has the "burden of coming forward with allegations sufficient to create an issue of fact" *(People v Session,* 34 NY2d 254, 255-256) as to nonrecord facts to which the application must be limited *(People v Hauver,* 129 AD2d 889). Defendant failed in this burden and has submitted no evidence as to how the witnesses who were not called on his behalf would have benefited him if they were. For failure to sustain his burden of proving that nonrecord issues of fact existed sufficient to entitle defendant to relief on his CPL 440.10 motion, County Court properly denied the motion without a hearing *(see, People v Satterfield,* 66 NY2d 796).

With respect to the issues appearing on the record, they were and are reviewable only on defendant's direct appeal from the judgment of conviction *(see, People v Cooks,* 113 AD2d 975, 976, *affd* 67 NY2d 100), and were properly not considered by County Court on defendant's CPL 440.10 motion. Furthermore, in the totality of the circumstances presented here, we find no reason to consider defendant's conten-

tions in the interest of justice *(see, People v Wiley,* 120 AD2d 66) since the contentions do not appear meritorious. In our view, the trial strategy of defendant's assigned counsel might have been pursued by a reasonably competent attorney *(see, People v Satterfield, supra).*

We further find that defendant was not denied effective assistance of appellate counsel on his first appeal here. Treating defendant's motion in this regard as a coram nobis application at the appellate level *(see, People v Bachert,* 69 NY2d 593) and considering defendant's claim that his appellate counsel did not raise the sufficiency of evidence supporting his conviction as to the element of intent, we have reviewed the record and find that the victim adequately supplied the necessary testimony.

As to defendant's further contention that it was improper to deny his application for a continuance, we find no merit. Accordingly, we affirm the order appealed from.

MAHONEY, P. J., WEISS, MIKOLL and HARVEY, JJ., concur.

Order affirmed.