■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN JONES, Appellant.—Judgment, Supreme Court, New York County (Joan C. Sudolnick, J.), rendered January 4, 1991, convicting defendant, after a jury trial, of arson in the second degree, burglary in the first degree, attempted robbery in the first degree, attempted assault in the second degree, and two counts of criminal possession of a weapon in the

fourth degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 7½ to 15 years, 7½ to 15 years, 3 to 6 years, 1½ to 3 years, 1 year and 1 year, respectively, unanimously affirmed.

There is no merit to defendant's contention that the People should not have been allowed to amend the indictment during trial. Although the indictment charged defendant with setting fire to a "building", the evidence and instructions provided to the Grand Jury had specified "dwelling". The amendment did not change the People's theory of the case so as to prejudice defendant on the merits, or cure a legal insufficiency in respect to the factual allegations (CPL 200.70 [1], [2]).

While it was improper for a juror to suggest prior to deliberations that a verdict could be quickly reached *(People v Hauver,* 129 AD2d 889, 891), voir dire conducted by the court and the instructions given establish that the ability of the juror to deliberate impartially was not compromised *(see, People v Rodriguez,* 71 NY2d 214), nor is there any reason to conclude that the evidence was not impartially assessed *(People v Hauver, supra).*

We have examined defendant's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.