■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DURAN, Appellant. [713 NYS2d 561] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered September 22, 1997, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in declining to order and review the psychiatric records of the complainant. Psychiatric records "are to be disclosed only when their confidentiality is significantly outweighed by the interests of justice" (*People v Brooks,* 199 AD2d 275). Prior to ordering and inspecting such records there should be "a showing of a reasonable likelihood that the records might contain material bearing on the reliability and accuracy of the witness's testimony" (*People v Arnold,* 177 AD2d 633, 634). Here, there was no showing that the complainant's psychiatric records contained material which would bear on the complainant's ability to accurately perceive the incident. In addition, there was no showing that she had a history of paranoia, hallucinations, delusions, or false claims of sexual attack (*see generally, People v Smith,* 192 AD2d 806, 808).

The tape recording of the emergency telephone conversation was admissible under the excited utterance exception to the hearsay rule (*see, People v Simpson,* 238 AD2d 611). O'Brien, J. P., Altman, Krausman and Schmidt, JJ., concur.