■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ALEXANDER, Appellant. [738 NYS2d 890] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered October 29, 1997, convicting him of kidnapping in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court committed reversible error when it refused to order the production of the complainant's drug treatment program records. However, this contention is unpreserved for appellate review, as the defendant failed to raise it at trial (*see,* CPL 470.05 [2]). In any event, the claim is without merit. The records of an individual's treatment in a chemical dependence program are confidential (*see,* Mental Hygiene Law § 22.05 [b]), and a court may order disclosure of such records only "upon a finding * * * that the interests of justice significantly outweigh the need for confidentiality" (*see,* Mental Hygiene Law § 33.13 [c] [1]). The party seeking production must make "a showing of a reasonable likelihood that the records might contain material bearing on the reliability and accuracy of the witness's testimony" (*People v Arnold,* 177 AD2d 633, 634; *see, People v Duran,* 276 AD2d 498). The defendant failed to make such a showing. Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.