■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVAUGHN HALL, Appellant. [892 NYS2d 457]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt (*see People v Heinsohn*, 61 NY2d 855 [1984]; *People v Moghaddam*, 56 AD3d 801 [2008]; *People v Hart*, 8 AD3d 402 [2004]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was denied the effective assistance of trial counsel is without merit. To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate his attorney's failure to provide meaningful representation, and the absence of strategic or other legitimate explanations for his counsel's allegedly deficient conduct (*see People v Caban*, 5 NY3d 143, 152 [2005]). Under the circumstances, and in light of the People's case, the defendant's trial counsel pursued a logical defense strategy and successfully obtained acquittals on the two higher counts charging murder in the second degree. Considering the record as a whole, defense counsel provided meaningful representation (*see People v Moore*, 66 AD3d 707 [2009]; *People v Holmes*, 47 AD3d 946 [2008]).

Additionally, the defendant's contention that various comments made by the prosecutor during summation were improper and denied him a fair trial is without merit. The challenged remarks constituted fair comment on the evidence or were responsive to defense counsel's summation (*see People v Frank-*

*lin*, 64 AD3d 614 [2009]; *People v Boyce*, 54 AD3d 1052 [2008]). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.