THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN COOPER, Appellant. [900 NYS2d 232]—

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered August 5, 2008. The judgment convicted defendant, upon a nonjury verdict, of rape in the third degree and criminal sexual act in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of rape in the third degree (Penal Law § 130.25 [3]) and criminal sexual act in the third degree (§ 130.40 [3]), defendant contends that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Supreme Court was entitled to credit the testimony of the victim that defendant forced her to have sexual contact with him over the testimony of defendant that the sexual contact was consensual. The testimony of the victim was corroborated by that of her cousin and defendant's cousin, who testified that they overheard defendant make incriminating statements during a telephone conversation with the victim shortly after incidents occurred. Although a different result would not have been unreasonable, we accord great deference to the credibility determinations of the court, which was able to view the witnesses and observe their demeanor, and it cannot be said that the court failed to give the evidence the weight it should be accorded (*see generally id.*).

We also reject the further contention of defendant that the

court erred in denying his pro se post-trial motion for reassignment of counsel without appointing new counsel. In our view, it cannot be said in the context of that motion that defense counsel "took a position that was adverse to that of defendant and became a witness against him" (*People v Chaney*, 294 AD2d 931, 932 [2002]; *see People v Hutchinson*, 57 AD3d 1013, 1014-1015 [2008], *lv denied* 12 NY3d 817 [2009]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.