■ The People of the State of New York, Respondent, v Johnny Medina, Appellant. [935 NYS2d 137]—

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review, as defense counsel only made a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima face case (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]), and we decline to review it in the exercise of our interest of justice jurisdiction.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to rape in the second degree, attempted rape in the third degree, and endangering the welfare of a child was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

However, with respect to the defendant's conviction of rape in the third degree under count 46 of the indictment, the verdict was against the weight of the evidence. Penal Law § 130.25 (3) provides that a person is guilty of rape in the third degree when "[h]e or she engages in sexual intercourse with another person without such person's consent where such lack of consent is by reason of some factor other than incapacity to consent." "Lack of consent" is defined as "circumstances under which, at the time of the act of intercourse . . . the victim clearly expressed that he or she did not consent to engage in such act, and a reasonable person in the actor's situation would have understood

such person's words and acts as an expression of lack of consent to such act under all the circumstances" (Penal Law § 130.05 [2] [d]). As the statute invokes the objective "reasonable person" (*id.*), "the proper inquiry for the factfinder is not whether a defendant actually perceives a lack of consent, but whether the victim, by words or actions, clearly expresses an unwillingness to engage in the sexual act in such a way that a neutral observer would have understood that the victim was not consenting" (*People v Newton*, 8 NY3d 460, 464 [2007]). The evidence presented at trial did not establish, beyond a reasonable doubt, that the complainant clearly expressed that she did not consent to engage in the act of sexual intercourse with the defendant on or about and between February 1, 2008, and March 31, 2008, as charged in the indictment (*cf. People v Evans*, 79 AD3d 454 [2010]; *People v Cooper*, 72 AD3d 1552 [2010]; *People v Vasquez*, 19 AD3d 1103, 1104 [2005]). Accordingly, the defendant's conviction of rape in the third degree under count 46 of the indictment and the sentence imposed thereon must be vacated, and that count of the indictment dismissed.

The defendant's contention that he was deprived of the effective assistance of trial counsel is without merit. Trial counsel pursued a legitimate trial strategy of discrediting the complainant, conducted meaningful cross-examination of the People's witnesses, and delivered a cogent summation, resulting in the defendant's acquittal on 20 of the 24 counts submitted to the jury (*see People v Hall*, 68 AD3d 1133 [2009]; *People v Moore*, 66 AD3d 707 [2009], *affd* 15 NY3d 811 [2010]; *People v Dashosh*, 59 AD3d 731, 732 [2009]; *People v Constas*, 59 AD3d 729, 730 [2009]). Viewing the record of the trial proceedings in its totality, the defendant was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.