Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered December 22, 2009, convicting him of attempted murder in the second degree (three counts) and assault in the first degree (three counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The Supreme Court did not improvidently exercise its discretion in refusing to admit into evidence a statement made by the defendant’s arraignment counsel under the present sense impression exception to the hearsay rule. The record demonstrates that arraignment counsel made the statement at issue as part of her argument for lower bail at the arraignment hearing after having time to reflect, that she was describing events that occurred in the past, rather than describing events she observed as they were occurring. Consequently, the statement was not admissible into evidence as a present sense impression (see People v Vasquez, 88 NY2d 561, 574-575 [1996]; People v Parchment, 92 AD3d 699, 699 [2012]; People v Matyszewski, 47 AD3d 646, 646-647 [2008]).
*705 Contrary to the defendant’s contentions, reversal is not warranted due to the late disclosure of certain evidence, as violations of People v Rosario (9 NY2d 286 [1961], cert denied 368 US 866 [1961]) and Brady v Maryland (373 US 83 [1963]). The defendant failed to demonstrate that he suffered any prejudice from the delay in disclosure (see CPL 240.75; People v Martinez, 71 NY2d 937, 940 [1988]; People v Uka, 92 AD3d 907, 908 [2012]; People v Khatib, 81 AD3d 852, 852 [2011]; People v Poladian, 2 AD3d 755, 755 [2003]). The material was available for use at trial upon its disclosure and was, in fact, used by the defendant (see People v Fuentes, 48 AD3d 479, 479 [2008], affd 12 NY3d 259 [2009]; People v Wood, 40 AD3d 663, 664 [2007]; People v Myron, 28 AD3d 681, 683-684 [2006], cert denied 549 US 1326 [2007]).
The imposition of consecutive sentences was not illegal (see Penal Law § 70.25 [2]). Each of the attempted murders committed by the defendant was a separate and distinct act committed against a separate victim (see People v Brathwaite, 63 NY2d 839, 843 [1984]; People v Holmes, 92 AD3d 957, 957 [2012]; People v Pujji, 74 AD3d 1100, 1101 [2010]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Rivera, J.P, Chambers, Hall and Miller, JJ., concur.