■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LUTCHMAN, Appellant. [993 NYS2d 350]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered June 29, 2012, convicting him of sexual abuse in the first degree and endangering the welfare of a child (two counts), upon a jury verdict, and sentencing him to a determinate term of imprisonment of seven years, followed by a period of 10 years of postrelease supervision for his conviction of sexual abuse in the first degree, and determinate terms of imprisonment of one year for each count of endangering the welfare of a child, with all counts to run concurrently.

Ordered that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed for the defendant's conviction of sexual abuse in the first degree

from a determinate term of imprisonment of seven years, followed by a period of 10 years of postrelease supervision, to a determinate term of imprisonment of four years, followed by a period of three years of postrelease supervision; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of sexual abuse in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he did not receive ineffective assistance of counsel. Trial counsel pursued a logical defense strategy and was able to secure acquittal on two of the three counts of sexual abuse in the first degree (see *People v Hall*, 68 AD3d 1133 [2009]; see also *People v Medina*, 90 AD3d 950 [2011]). Viewing the record as a whole, the defendant was afforded meaningful representation (see *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

Under the circumstances of this case, the sentence imposed was excessive to the extent indicated (see *People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.