# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1205**
**KA 12-01045**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ANTHONY F. ARMSTRONG, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered January 12, 2012. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and intimidating a victim or witness in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]) and intimidating a victim or witness in the third degree (§ 215.15 [1]), defendant contends that County Court erred in failing to discharge a juror who appeared to be asleep during a portion of the trial. Defendant failed to move to discharge that juror, and thus his contention is not preserved for our review (*see People v Phillips*, 34 AD3d 1231, 1231, *lv denied* 8 NY3d 848). Indeed, after bringing the matter to the court's attention, defense counsel stated that he did not "want to say anything right now," and the court stated that it would continue to observe the juror. We thus conclude that "defendant 'should not now be heard to complain' of the court's failure to discharge the juror" (*id.*).

Defendant failed to preserve for our review his contentions that the court failed to comply with CPL 300.10 (4) by proceeding with summations before holding its charge conference (*see People v Lugo*, 87 AD3d 1403, 1404, *lv denied* 18 NY3d 860), and that the indictment was either duplicitous on its face or rendered duplicitous by the testimony at trial (*see People v Allen*, 24 NY3d 441, 449-450). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court