■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADELSO MENA-SANTOS, Appellant. [20 NYS3d 632]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered May 18, 2012, convicting him of assault in the first degree, attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Trial counsel pursued a logical defense strategy, and was able to secure an acquittal on the top count of the indictment, which charged the defendant with attempted murder in the second degree (*see People v Lutchman*, 121 AD3d 716, 717 [2014]; *People v Hall*, 68 AD3d 1133, 1133 [2009]; *People v Moore*, 66 AD3d 707, 711 [2009], *affd* 15 NY3d 811 [2010]). Viewing the record as a whole, the defendant was afforded meaningful representation (*see Strickland v Washington*, 466 US 668, 687 [1984]; *People v Caban*, 5 NY3d 143 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.