# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**539**
**KA 14-00531**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FREDERICK SYMONDS, JR., DEFENDANT-APPELLANT.

---

LAW OFFICES OF JOSEPH D. WALDORF, P.C., ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered March 11, 2014. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the third degree and incest in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sexual act in the third degree (Penal Law § 130.40 [2]) and two counts of incest in the third degree (§ 255.25). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct, on summation and otherwise (*see People v Mull*, 89 AD3d 1445, 1446, *lv denied* 19 NY3d 965). We conclude in any event that defendant's contention lacks merit. The complained-of remarks on summation were "not so egregious as to deprive defendant of a fair trial" (*People v Wittman*, 103 AD3d 1206, 1207, *lv denied* 21 NY3d 915; *see People v Eldridge*, 288 AD2d 845, 845-846, *lv denied* 97 NY2d 681). Moreover, we conclude that the prosecutor did not improperly bolster the victim's testimony by presenting the testimony of the victim's father (*see generally People v McDaniel*, 81 NY2d 10, 16), nor did the prosecutor thereby violate CPL 60.42 (*see generally People v Wigfall*, 253 AD2d 80, 81-83, *lv denied* 93 NY2d 981). We likewise reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the alleged instances of prosecutorial misconduct during summation. Because the alleged improper remarks did not deny defendant a fair trial, he was not denied effective assistance of counsel based upon defense counsel's failure to object to those remarks (*see People v Hendrix*, 132 AD3d 1348, 1348, *lv denied* 26 NY3d 1145). With respect to the contention that defendant was denied effective assistance based on

additional alleged failings of defense counsel, we conclude that defendant has failed to establish the absence of any strategic or other legitimate explanation for defense counsel's alleged failings (*see generally People v Caban*, 5 NY3d 143, 152).

Defendant further contends that the People failed to disclose *Brady* material in a timely manner.  We agree.  We conclude, however, that the *Brady* violation does not require reversal because the information was turned over as *Rosario* material prior to jury selection, thus affording defendant a "meaningful opportunity" to use the information during cross-examination (*People v Middlebrooks*, 300 AD2d 1142, 1143, *lv denied* 99 NY2d 630; *see People v Cortijo*, 70 NY2d 868, 870; *People v Bernard*, 115 AD3d 1214, 1215, *lv denied* 23 NY3d 1018).

Defendant failed to preserve for our review his contention that the indictment was rendered duplicitous by the testimony at trial (*see People v Allen*, 24 NY3d 441, 449-450; *People v Armstrong*, 134 AD3d 1401, 1402, *lv denied* 27 NY3d 962).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court