■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMDUH WILSON, Appellant. [35 NYS3d 482]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Lott, J.), rendered March 29, 2007, convicting him of assault in the first degree, manslaughter in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to determinate terms of imprisonment of 15 years on the conviction of assault in the first degree, 25 years on the conviction of manslaughter in the first degree, and 10 years on the conviction of criminal possession of a weapon in the second degree, with the sentences on the convictions of assault in the first degree and manslaughter in the first degree to run concurrently with each other, and the sentence on the conviction of criminal possession of a weapon in the second degree to run consecutively to the concurrent sentences, (2) from a judgment of the same court (Firetog, J.) rendered December 8, 2010, convicting him of conspiracy in the second degree, upon a jury verdict, and imposing sentence, and (3), by permission, as limited by his brief, from so much of an order of the same court (Balter, J.) entered October 7, 2011, as denied, without a hearing, that branch of his motion which was pursuant to CPL

440.10 to vacate the judgment rendered March 29, 2007, on the ground that he was deprived of the effective assistance of counsel.

Ordered that the judgment rendered March 29, 2007, is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed; and it is further,

Ordered that the judgment rendered December 8, 2010, is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the order entered October 7, 2011, is affirmed insofar as appealed from.

In a judgment rendered March 29, 2007, the defendant was convicted of assault in the first degree, manslaughter in the first degree, and criminal possession of a weapon in the second degree for shooting Andre Wheatley and killing an innocent bystander. In a judgment rendered December 8, 2010, the defendant was convicted of conspiracy in the second degree for conspiring to murder Wheatley. In an order entered October 7, 2011, the Supreme Court denied, without a hearing, that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate the judgment rendered March 29, 2007. The defendant appeals from the judgments and the order.

With respect to the judgment rendered March 29, 2007, the defendant's contention that the Supreme Court's charge on justification precluded proper consideration of his justification defense is partially unpreserved for appellate review and, in any event, without merit. The court's charge did not unfairly marshal the evidence and, when read against the background of the evidence presented and taken as a whole, conveyed the correct standard to the jury (see People v Umali, 10 NY3d 417 [2008]; cf. People v Walker, 26 NY3d 170 [2015]).

The defendant's contention that he was deprived of his right to a fair trial by prosecutorial misconduct is without merit. Under the circumstances of this case, the defendant was not deprived of a fair trial by any reference to his parole status (see People v Reid, 34 AD3d 1273 [2006]; People v Thigpen, 30 AD3d 1047 [2006]; see also People v Wright, 85 AD3d 1642 [2011]). Moreover, the prosecutor's cross-examination of a defense witness in a manner that conveyed to the jury that the defendant was incarcerated was not so egregious as to deprive the defendant of a fair trial (see People v Pringle, 136 AD3d 1061 [2016]; People v Barber, 133 AD3d 868 [2015]; People v Pinkney,

48 AD3d 707 [2008]). The defendant's additional contention that he was deprived of a fair trial by the prosecutor's improper references to his alleged nickname, "Pit Bull," is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, any misconduct in the prosecutor's references to the defendant's alleged nickname was not so egregious as to deprive the defendant of a fair trial (*see People v Pringle*, 136 AD3d 1061 [2016]; *see also People v Dunbar*, 74 AD3d 1227 [2010]; *People v Ortiz*, 46 AD3d 580 [2007]; *cf. People v Lauderdale*, 295 AD2d 539, 540 [2002]; *People v Santiago*, 255 AD2d 63 [1999]).

The defendant's contention that the evidence was legally insufficient to prove the serious physical injury element of assault in the first degree is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt (*see* Penal Law §§ 10.00 [10]; 120.10 [1]; *People v Graham*, 297 AD2d 579 [2002]; *People v McDuffie*, 293 AD2d 287 [2002]; *People v Moreno*, 233 AD2d 531 [1996]; *People v Wright*, 221 AD2d 577 [1995]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the count of assault in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Viewing the record as a whole, defense counsel provided meaningful representation, as defense counsel, inter alia, pursued a reasonable trial strategy, conducted meaningful cross-examination of the People's witnesses, presented a witness for the defense, and delivered a cogent summation, resulting in the defendant's acquittal on the most serious charges (*see People v Lutchman*, 121 AD3d 716 [2014]; *People v Medina*, 90 AD3d 950 [2011]; *People v Hall*, 68 AD3d 1133 [2009]; *People v Waisome*, 40 AD3d 892 [2007]).

As the evidence supported a finding that the defendant possessed a loaded firearm with an intent to use it unlawfully against another that was separate from his intent during the actual shooting, the Supreme Court did not err in directing that the sentence imposed on the conviction of criminal possession of a weapon in the second degree run consecutively to the concurrent sentences imposed on the convictions of assault in the first degree and manslaughter in the first degree (*see People v Salcedo*, 92 NY2d 1019 [1998]; *cf. People v Wright*, 19 NY3d 359 [2012]). However, while there was no legal impediment to

the imposition of a consecutive sentence on the conviction of criminal possession of a weapon in the second degree, the consecutive sentence imposed on that conviction was excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, that branch of his motion which was pursuant to CPL 440.10 to vacate the judgment rendered March 29, 2007, on the ground that he was deprived of the effective assistance of counsel. The defendant's claim of ineffective assistance of counsel due to defense counsel's lack of investigation and preparation was largely based upon unsubstantiated conclusory allegations (*see* CPL 440.30 [4] [d]; *People v Waymon*, 65 AD3d 708 [2009]).

With respect to the judgment rendered December 8, 2010, convicting the defendant of conspiracy in the second degree, we agree with the defendant that the judgment must be reversed. "[A] defendant has the right to be tried in the county where the crime was committed unless the Legislature has provided otherwise" (*People v Zimmerman*, 9 NY3d 421, 426 [2007]). The burden is on the People to prove by a preponderance of the evidence that the county where the crime is prosecuted is the proper venue because either the crime was committed there or a statutory exception applies (*see People v Ribowsky*, 77 NY2d 284, 291-292 [1991]; *People v Cockett*, 95 AD3d 1230, 1231 [2012]).

"A person may be prosecuted for conspiracy in the county in which he [or she] entered into such conspiracy or in any county in which an overt act in furtherance thereof was committed" (Penal Law § 105.25 [1]). In addition, a person may be convicted in a particular county of an offense committed either by his or her own conduct or by the conduct of another for which he or she is legally accountable when, inter alia, even though none of the conduct constituting such offense may have occurred within such county, "[s]uch conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein" (CPL 20.40 [2] [c]). In a case where all of the alleged criminal activity occurred in another county, the jurisdiction of the county seeking to prosecute for that activity must be established before the grand jury (*see Matter of Steingut v Gold*, 42 NY2d 311, 316-317 [1977]; *see also Matter of Taub v Altman*, 3 NY3d 30, 34 [2004]).

Proof at trial that varies from an indictment may compromise the defendant's right to fair notice of the charges and his or

her right to have those charges determined by the grand jury (*see People v Grega*, 72 NY2d 489, 496 [1988]). Here, the indictment alleged jurisdiction in Kings County on the basis of overt acts committed in Kings County. However, the proof at trial did not support that theory and, as charged to the jury, jurisdiction in Kings County was based on conduct which had, or was likely to have, a particular effect upon Kings County pursuant to CPL 20.40 (2) (c). As the evidence presented at trial varied from the indictment, and, contrary to the People's contention, the defendant did not have fair notice of the jurisdictional theory presented to the jury, the judgment convicting the defendant of conspiracy in the second degree must be reversed and the matter remitted to the Supreme Court, Kings County, for a new trial (*see People v Grega*, 72 NY2d 489 [1988]). Leventhal, J.P., Hall, Austin and Barros, JJ., concur.