■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMIEK R. SMALLS, Appellant. [43 NYS3d 123]—Appeal by the defendant from a judgment of the County Court, Nassau County (St. George, J.), rendered January 29, 2013, convicting him of murder in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court's Molineux ruling (see People v Molineux, 168 NY 264 [1901]) constituted a provident exercise of discretion. The evidence at issue was admissible as relevant background material to explain to the jury the sequence of events and the relationship between the defendant and the decedent, and as evidence of the defendant's motive and intent, and his consciousness of guilt (see People v Jones, 21 NY3d 449, 456 [2013]; People v Paige, 134 AD3d 1048, 1056 [2015]; People v Bruno, 127 AD3d 986, 986 [2015]; People v Green, 92 AD3d 953, 954-956 [2012]; People v Oliver, 19 AD3d 512, 512 [2005]; People v Malik, 265 AD2d 577, 578 [1999]).

Contrary to the defendant's contention, reversal is not warranted due to the late disclosure of certain evidence, which the defendant claims constituted violations of People v Rosario (9 NY2d 286 [1961]) and Brady v Maryland (373 US 83 [1963]). The defendant failed to demonstrate that he suffered any prejudice from the delay in disclosure, as the material was available for use at trial upon its disclosure and was, in fact, used by the defendant (see People v Jingzhi Li, 104 AD3d 704, 705 [2013]; People v Myron, 28 AD3d 681, 683-684 [2006]). '

Furthermore, contrary to the defendant's contention, any insufficiency in the People's CPL 710.30 notice in connection with his photo array identification did not require preclusion, since the defendant received a full hearing regarding the fairness of the photo array identification procedure (see People v Kirkland, 89 NY2d 903, 905 [1996]; People v Alcantara, 78 AD3d 721, 722 [2010]).

The County Court's imposition of a "lockdown" order does not warrant reversal, since concerns were raised regarding witness intimidation, and the order only affected the condi-

tions of the defendant's confinement (*see People v Whitt*, 304 AD2d 378, 378 [2003]).

Contrary to the defendant's contention, the imposition of consecutive sentences was not illegal, as the evidence established that the two victims were shot by separate bullets, and therefore, their deaths were the result of separate and distinct acts (*see People v McKnight*, 16 NY3d 43, 49 [2010]; *People v Holmes*, 92 AD3d 957, 957 [2012]; *cf. People v Jones*, 41 AD3d 507, 509 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see Strickland v Washington*, 466 US 668 [1984]; *People v Caban*, 5 NY3d 143 [2005]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions are unpreserved for appellate review and we decline to review them in the exercise of our interest of justice jurisdiction. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.