# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1096

KA 10-00652

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DAVID G. COX, DEFENDANT-APPELLANT.

---

JEFFREY WICKS, PLLC, ROCHESTER (CHARLES STEINMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered January 19, 2010. The judgment convicted defendant, after a nonjury trial, of criminal sexual act in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal sexual act in the first degree under the third count of the indictment and dismissing that count without prejudice to the People to re-present any appropriate charges under that count of the indictment to another grand jury, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of two counts of criminal sexual act in the first degree (Penal Law § 130.50 [1]). We agree with defendant that the third count of the indictment, charging defendant with engaging in anal sexual contact with the complainant by forcible compulsion, was rendered duplicitous by the complainant's testimony (*see People v Levandowski*, 8 AD3d 898, 899-900; *People v Davila*, 198 AD2d 371, 373). The complainant testified that the acts of anal sexual contact occurred "more than once" over the course of a two-hour incident, and, contrary to the People's contention, such acts did not constitute a continuous offense (*see People v Keindl*, 68 NY2d 410, 420-421, *rearg denied* 69 NY2d 823), but rather were separate and distinct offenses (*see People v Russell*, 116 AD3d 1090, 1091; *see also People v Garcia*, 141 AD3d 861, 865, *lv denied* 28 NY3d 929). We therefore modify the judgment accordingly (*see Keindl*, 68 NY2d at 423).

We reject defendant's contention that Supreme Court erred in refusing to substitute new appointed counsel, inasmuch as defendant's complaints concerning counsel concerned only disagreements over

strategy (*see People v Rupert*, 136 AD3d 1311, 1311, *lv denied* 27 NY3d 1075), or his lack of trust in appointed counsel without a showing of good cause therefor (*see People v Sawyer*, 57 NY2d 12, 19, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178).  Viewing the evidence in light of the elements of criminal sexual act in the first degree under the second count of the indictment in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict on that count is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  The court was entitled to credit the complainant's testimony that defendant forced her to have sexual contact and to reject defendant's testimony that such contact was consensual (*see People v Cooper*, 72 AD3d 1552, 1552, *lv denied* 15 NY3d 803, *reconsideration denied* 15 NY3d 892).  Finally, contrary to defendant's contention, we conclude that the court did not abuse its discretion in refusing to direct production of the complainant's psychiatric records for its in camera review.  There was no showing that the complainant's psychiatric history had any bearing on her ability to perceive or recall the incident (*see People v Tirado*, 109 AD3d 688, 689, *lv denied* 22 NY3d 959, *reconsideration denied* 22 NY3d 1091, *cert denied* ___ US ___, 135 S Ct 183; *People v Duran*, 276 AD2d 498, 498), nor was there any other basis for concluding that the confidentiality of her psychiatric records was significantly outweighed by the interests of justice (*see People v Felong*, 283 AD2d 951, 952; *Duran*, 276 AD2d at 498).

Entered:  December 23, 2016                          Frances E. Cafarell
                                                     Clerk of the Court