# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

321
KA 13-00434
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RONELL L. MCFADDEN, DEFENDANT-APPELLANT.

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

RONELL L. MCFADDEN, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered March 7, 2013. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and criminal sexual act in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed on counts two and three shall run concurrently with each other and consecutively to the sentence imposed on count one and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]) and two counts of criminal sexual act in the first degree (§ 130.50 [1]). Defendant contends that the evidence is not legally sufficient to support the conviction because the only evidence connecting him to the crimes is DNA evidence taken from a vaginal swab and there is no physical evidence supporting the counts for criminal sexual act. Defendant failed to preserve that contention for our review inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' at the error[s] being urged" here (*People v Hawkins*, 11 NY3d 484, 492; *see People v Gray*, 86 NY2d 10, 19). In any event, the contention is without merit. "Although the victim was unable to identify her attacker at trial . . . , the DNA evidence alone 'established defendant's identity beyond a reasonable doubt' " (*People v Burroughs*, 108 AD3d 1103, 1106, *lv denied* 22 NY3d 995). Viewing the evidence in the light most favorable to the People, including the DNA evidence and the victim's testimony, and giving the People "all reasonable evidentiary inferences" (*People v Delamota*, 18 NY3d 107, 113), we conclude, "as a matter of law, [that] a jury could

logically conclude that the People sustained [their] burden of proof" with respect to each count (*id.; see People v Danielson*, 9 NY3d 342, 349; *see generally People v Bleakley*, 69 NY2d 490, 495). Upon our independent assessment of all of the proof (*see Delamota*, 18 NY3d at 116), and viewing the evidence in light of the elements of the crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject the contention of defendant in his main and pro se supplemental briefs that he was denied his constitutional right to due process based upon the nearly six-year preindictment delay. We conclude that County Court properly determined that the People met their burden of establishing good cause for the delay (*see generally People v Decker*, 13 NY3d 12, 14; *People v Singer*, 44 NY2d 241, 254). We note that the original indictment with respect to these crimes was dismissed after DNA evidence excluded as the perpetrator the person who had been accused of the crimes. Thereafter, the District Attorney's office was notified that the DNA results generated a "hit" for defendant in the Combined DNA Index System database; defendant, however, was not charged until nearly six years later when he voluntarily provided a DNA sample. The evidence at the *Singer* hearing established that much of the delay was caused by the fact that indicted cases were given priority over unindicted cases requiring additional investigation; that a DNA sample from defendant was required to prosecute this matter; that requests were made to the police in 2006 and 2007 to locate defendant; and, from June 2011 to April 2012, the assistant district attorney assigned to the case was unable to locate the victim. In determining that the People met their burden, the court properly applied the factors set forth in *People v Taranovich* (37 NY2d 442; *see Decker*, 13 NY3d at 15), i.e., "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*Taranovich*, 37 NY2d at 445). It is undisputed that the underlying charges, class B violent felony offenses (*see* Penal Law § 70.02 [1] [a]), are very serious offenses and that defendant was not incarcerated. At issue here are the extent and reason for the delay and whether defendant was prejudiced by the delay. Although the six-year delay is a factor that weighs in defendant's favor, it is well established that the extent of the delay, standing alone, is not sufficient to warrant a reversal (*see Decker*, 13 NY3d at 15; *see also People v Vernace*, 96 NY2d 886, 888; *People v Chatt*, 77 AD3d 1285, 1285, *lv denied* 17 NY3d 793), and defendant asserted no impairment of the defense as a result of the delay. We conclude that the People's explanations constitute "acceptable excuse or justification" for the delay (*People v Staley*, 41 NY2d 789, 793; *cf. People v Wheeler*, 289 AD2d 959, 959-960).

We reject defendant's contention that the court abused its discretion in permitting the People to cross-examine him with respect to four prior convictions, none of which are similar to the charges herein, inasmuch as those convictions were probative of defendant's

willingness to place his interests " 'ahead of principle or of the interests of society' and thus 'may be relevant to suggest his readiness to do so again on the witness stand' " (*People v Bennette*, 56 NY2d 142, 148, quoting *People v Sandoval*, 34 NY2d 371, 377).

Defendant contends in his pro se supplemental brief that counts one and three were rendered duplicitous by the victim's testimony. Although defendant failed to preserve that contention for our review (*see People v Allen*, 24 NY3d 441, 449-450; *People v Symonds*, 140 AD3d 1685, 1686, *lv denied* 28 NY3d 937), we note that at the time this case was tried, preservation was not required (*see People v Snyder*, 100 AD3d 1367, 1367, *lv denied* 21 NY3d 1010). We therefore exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.05 [2]). We nevertheless conclude that the contention is without merit. With respect to the rape count, "the briefly interrupted act of sexual intercourse . . . was 'part and parcel of the continuous conduct' that constituted one act of rape" (*People v Watkins*, 300 AD2d 1070, 1071, *lv denied* 99 NY2d 659; *cf. People v Cox*, 145 AD3d 1507, 1507-1508). We reject defendant's contention that our decision in *People v Black* (38 AD3d 1283, 1284, *lv denied* 8 NY3d 982) compels a different result. In *Black*, our conclusion that there were "two separate acts of sexual intercourse," which "were separated by only a brief period of time" (*id.; cf. Cox*, 145 AD3d at 1507-1508), is based upon the record facts in that case. Those record facts established that each act concluded with defendant's ejaculation, thereby distinguishing the facts in the instant case and in *Watkins*. We reject defendant's further contention that the victim's testimony with respect to count three related to two acts of criminal sexual act and conclude that her testimony described acts that were " 'part and parcel of the continuous conduct' that constituted one act of [criminal sexual act]" (*Watkins*, 300 AD2d at 1071).

We reject defendant's contention in his pro se supplemental brief that he was denied effective assistance of counsel based upon counsel's alleged failure to object when the court stated it would accept the verdict before providing a readback of testimony requested by the jury in its prior note. Defendant failed to allege the absence of a strategic or other legitimate explanation for counsel's allegedly deficient conduct in acceding to the court's intention to accept the verdict (*see People v Caban*, 5 NY3d 143, 154; *Symonds*, 140 AD3d at 1686; *see generally People v Mack*, 27 NY3d 534, 543). We reject defendant's further contention he was denied effective assistance of counsel by defense counsel's alleged failure to object to the testimony of the victim with respect to the duplicitous counts issue (*see generally Caban*, 5 NY3d at 154). Indeed, "had defense counsel objected during the trial '[a]ny uncertainty could have easily been remedied' through a jury charge" (*People v Smith*, 145 AD3d 1628, 1630).

Finally, we agree with defendant's contention in his main brief that the aggregate sentence of 60 years, which is statutorily reduced to 50 years (*see* Penal Law § 70.30 [1] [c], [e] [vi]), is unduly harsh

and severe, particularly in light of the court's commitment days
before the trial to a 10-year term of incarceration for a plea to the
rape count.  We therefore modify the sentence as a matter of
discretion in the interest of justice by directing that the sentences
imposed on counts two and three shall run concurrently with each other
and consecutively to the sentence imposed on count one (*see* CPL 470.15
[6] [b]).

Entered:  March 31, 2017                      Frances E. Cafarell
                                              Clerk of the Court