■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN KOLLOCK, Appellant. [54 NYS3d 867]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cyrulnik, J.), rendered April 20, 2015, convicting him of attempted assault in the first degree, assault in the second degree, and aggravated criminal contempt, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The charges against the defendant arose from an incident in which he punched his former girlfriend (hereinafter the complainant) in the eye while she was wearing eyeglasses, causing her to sustain injury to her eyelid. After a nonjury trial, the defendant was acquitted of several charges in the indictment, and convicted of attempted assault in the first degree, assault in the second degree, and aggravated criminal contempt. On appeal, he contends that he was denied the effective assistance of trial counsel.

In reviewing a claim of ineffective assistance of counsel, this Court must examine the trial as a whole to determine whether the defendant was afforded meaningful representation (*see People v Schulz*, 4 NY3d 521, 530 [2005]; *People v Benevento*, 91 NY2d 708, 713 [1998]; *People v Flores*, 84 NY2d 184, 189 [1994]). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981]). Mere disagreement with strategies and tactics that failed does not establish ineffective assistance of counsel (*see People v King*, 27 NY3d 147, 159 [2016]; *People v Schulz*, 4 NY3d at 531; *People v Benevento*, 91 NY2d at 712; *People v Benn*, 68 NY2d 941, 942 [1986]).

Viewed as a whole, the record reveals that the defendant was afforded meaningful representation at trial (*see People v*

*Carncross*, 14 NY3d 319, 331 [2010]; *People v Baldi*, 54 NY2d at 151-152; *People v Naqvi*, 132 AD3d 779, 781 [2015]; *People v Lutchman*, 121 AD3d 716, 717 [2014]; *People v Hall*, 68 AD3d 1133 [2009]). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.