People v Stokes (2022 NY Slip Op 50033(U))

[*1]

People v Stokes (Willie)

2022 NY Slip Op 50033(U) [74 Misc 3d 126(A)]

Decided on January 21, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 21, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570051/17

The People of the State of New York,
Respondent,
against
Willie Stokes, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Julio Rodriguez III, J.), rendered January 13, 2017, convicting him, after a nonjury trial,
of attempted assault in the third degree, attempted criminal obstruction of breathing or blood
circulation and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Julio Rodriguez III, J.), rendered January 13, 2017, affirmed.
The court properly denied defendant's application for an in camera review of the victim's
psychiatric records, which "are to be disclosed only when their confidentiality is significantly
outweighed by the interests of justice" (People v Duran, 276 AD2d 498 [2000] [internal
quotation marks omitted]). Defendant failed to make an adequate showing that the psychiatric
records "might contain material bearing on the reliability and accuracy of the witness's
testimony" (People v Duwe, 164
AD3d 1256, 1257 [2018], lv denied 32 NY3d 1110 [2018] [internal quotation marks
omitted]). To the extent that the victim's anxiety disorders and use of medications at different
times was relevant, defendant was able to elicit these matters on cross examination (see People v Ouanes, 123 AD3d
480 [2014], lv denied 25 NY3d 1075 [2015]). In addition, there was no showing that
she had a history of hallucinations, delusions or false claims of assault (see People v
Duran, 276 AD2d at 498).
The court providently exercised its discretion in declining to provide an adverse inference
instruction based on the People's failure to produce the memo books and other notes of the
responding officers who spoke to the victim at the hospital. The record does not demonstrate a
"factual basis" that the officer had written the victim's statements in his memo book or on any
documents other than the "scratch 61" complaint report or domestic incident report [DIR] (People v Young, 61 AD3d 786
[2009], lv denied 13 NY3d 751 [2009]; see People v Ligon, 66 AD3d 516, 517 [2009], lv denied 14
NY3d 889 [2010]; People v Pines, 298 AD2d 179, 180 [2002], lv denied 99
NY2d 562 [2002]). In any event, even assuming such material existed, "nonwillful, negligent loss
or destruction of Rosario material does not mandate a sanction unless the defendant
establishes prejudice"(People v Martinez, 22 NY3d 551, 567 [2014]). Here, [*2]defendant depends on a series of improbable events to create the
prospect of prejudice, which is insufficient to warrant a sanction (id. at 567-568).
Defendant also failed to demonstrate that he suffered any prejudice from the delay in
disclosure of certain evidence, including the prosecutor's late disclosure of the complainant's
criminal history and subsequent refusal to correct purportedly misleading testimony. The
prosecutor explained the unintentional delay in producing the victim's criminal record and the
material was available for use at trial upon its disclosure and was, in fact, used by the defendant
during cross-examination (see People v
Jingzhi Li, 104 AD3d 704, 705 [2013], lv denied 21 NY3d 1005 [2013]; see also People v Smalls, 145 AD3d
802 [2016], lv denied 29 NY3d 952 [2017]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 21, 2022