People v Griffen (2025 NY Slip Op 07399)

People v Griffen

2025 NY Slip Op 07399

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-00550
 (Ind. No. 900/19)

[*1]The People of the State of New York, respondent,
vKevin Griffen, appellant.

Samuel S. Coe, White Plains, NY, for appellant.
Melinda Katz, Special District Attorney, Kew Gardens, NY (Johnnette Traill of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan Cacace, J.), rendered November 18, 2021, convicting him of stalking in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
For his actions of, inter alia, directly approaching the complainant, following her into and out of a store, waiting for her outside another store, grabbing her, yelling at her, repeating vulgarities of a sexual nature at her in an increasingly frustrated tone, and ignoring the complainant's requests for him to leave her alone, which caused the complainant to become scared, the defendant was convicted of stalking in the third degree.
The defendant's challenge to the legal sufficiency of the evidence, on the ground that the People failed to prove that he engaged in the requisite "course of conduct" required to support a conviction of stalking in the third degree (Penal Law § 120.50[3]), is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of stalking in the third degree beyond a reasonable doubt (see People v Goldson, 196 AD3d 599, 600; People v Brower, 175 AD3d 1550, 1551). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was not deprived of the effective assistance of counsel. Trial counsel pursued a logical defense strategy and was able to secure an acquittal on the top count of the indictment, which charged the defendant with menacing in the first degree (see People v Mena-Santos, 134 AD3d 857; People v Lutchman, 121 AD3d 716, 717). Viewing the record as a whole, the defendant was afforded meaningful representation (see Strickland v Washington, 466 US 668, 687; People v Caban, 5 NY3d 143; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137; People v Bruno, 127 AD3d 1101, 1102).
Contrary to the defendant's contention, the County Court providently exercised its discretion in permitting the People to present evidence of the defendant's repeated targeting of the complainant in the months prior to the date of the incident in question, during their case-in-chief, since the probative value of that evidence outweighed the risk of prejudice to the defendant (see People v Leeson, 12 NY3d 823, 827; People v Beer, 146 AD3d 895, 896), and the evidence was inextricably interwoven with the narrative of events, providing necessary background information (see People v Tomlinson, 174 AD3d 929, 929-930; see also People v Morel, 195 AD3d 946). Moreover, any prejudicial impact was minimized by the court's instructions to the jury that it was not permitted to consider such prior conduct for the purpose of proving that the defendant had a propensity or predisposition to commit the crimes charged in this case and that it may only consider the prior conduct as evidence to complete the narrative (see People v Morris, 21 NY3d 588, 598; People v Danon, 167 AD3d 930, 931).
The County Court also properly granted the People's application, pursuant to CPL 60.30, to introduce testimony concerning the photographic identification procedure used in this case, and the photo array itself, in their case-in-chief. Testimony about a photo array procedure, as well as the array itself, may be admitted where the procedure is "blinded," that is, where the person administering the procedure does not know the suspect's position within the array (People v Tyme, 222 AD3d 783, 783-784; see CPL 60.25[1][c][ii], 60.30; People v Griffin, 203 AD3d 1608). To the extent that the defendant was concerned that the jury may have inferred from the photo array that he had previously been convicted of a crime, such concerns were ameliorated by the court's limiting instructions to the jury, made both at the time the evidence was received and again during its final charge (see People v Serrano, 200 AD3d 1340, 1347), which the jury is presumed to have followed (see People v Dubarry, 215 AD3d 689, 690).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., VOUTSINAS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court